IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUAN PEREZ, individually and on behalf of all persons similarly situated, | : : : |
| Plaintiff, | : : |
| v. | : Civil Action No.: |
| INTEGRATED DESIGN BUILD, INC. f/k/a D&R ELECTRIC, INC.; | : : : |
| AARON ELECTIC, INC.; | : : |
| PRIORITY POWER, INC.; | : : |
| L.F. JENNINGS, INC., and | : : |
| AARON L. PORTILLO, | : : |
| Defendants. | : |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Juan Perez ("Perez"), by and through his undersigned counsel, individually and on behalf of all persons similarly situated,[1] hereby files this Class and Collective Action Complaint against Defendants Integrated Design Build, Inc. f/k/a D&R Electric, Inc. ("IDB"), Aaron Electric Inc. ("Aaron Electric"), Priority Power, Inc. ("Priority Power"), L.F. Jennings, Inc. ("LFJ"), and Aaron L. Portillo (collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Maryland Wage and Hour Law ("MWHL") Md. Code Ann., Lab. & Empl., § 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"); Lab. & Empl., § 3-501 *et seq.*, and the Maryland General Contractor Liability for Unpaid Wages Act ("GC Liability Act"), Lab. & Empl., § 3-507.2(c).

---

[1] All allegations herein with respect to Plaintiff is made based upon his own personal knowledge and allegations with respect to others are made upon information and belief.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, Defendants conduct business in this District, and Defendants are headquartered in this District.

## PARTIES

3. Plaintiff Juan Perez ("Plaintiff") is an adult individual currently residing in Hyattsville, Maryland. He was employed as an electrician by Defendant Aaron Electric from approximately July 2022 through and including approximately May 2023. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a party-plaintiff in this action. *See* Ex. A.

4. Defendant Integrated Design Build, Inc. f/k/a D&R Electric, Inc. ("IDB") is a Maryland corporation headquartered at 4640 Wedgewood Blvd., Suite 108, Frederick, MD 21703, and operating in the surrounding area.

5. Defendant Aaron Electric, Inc. ("Aaron Electric") is a Maryland corporation headquartered at 5510 Cherrywood Lane, Suite D, Greenbelt, Maryland 20770, and operating in the surrounding area.

6. Defendant Priority Power, Inc. ("Priority Power" and together with Aaron Electric, "Portillo Companies") is a Maryland corporation headquartered at 5510 Cherrywood Lane, Suite D, Greenbelt, Maryland 20770, and operating in the surrounding area.

7. Defendant Aaron Portillo ("Portillo") is an adult individual who resides in Virginia. Portillo is the owner and managing agent of both Aaron Electric and Priority Power. Defendant

Portillo was responsible for the illegal payroll violations alleged in this Complaint.

8. Defendant L.F. Jennings, Inc. ("LFJ") is a Virginia corporation headquartered at 407 N. Washington Street, Suite 200, Falls Church, VA, 22046

9. At all relevant times, Defendant Aaron Electric was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Defendants Priority Power and IDB were employers, or along with Aaron Electric, joint employers of Plaintiff within the meaning of the FLSA.

11. Defendants Aaron Electric, Priority Power and IDB each employ or employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207, within the last three years.

12. Defendants Aaron Electric, Priority Power and IDB each have or had annual gross volumes of business that exceed $500,000, within the last three years.

13. As described herein, Defendants Aaron Electric and Priority Power individually and/or jointly comprise an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, and/or constitute a single employer, and/or are alter egos of each other, and/or Priority Power is the successor to Aaron Electric.

## CLASS DEFINITIONS

14. Plaintiff brings COUNT I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in litigants:

> All current or former field construction workers who performed work for Defendant Aaron Electric in the United States and who worked at least one (1) workweek in excess of forty (40) hours within the past three (3) years (the "FLSA Collective").

15. Plaintiff brings Counts II-III of this lawsuit pursuant to the MWHL and MWPCL as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and the following class:

> All current or former field construction workers who performed work for Defendant Aaron Electric in Maryland and who worked at least one (1) workweek in excess of forty (40) hours within the past three (3) years ("MD Overtime Class").

16. Plaintiff also brings COUNT III of this lawsuit pursuant to the MWPCL as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former field construction workers of Defendant Aaron Electric who were not compensated for their last four (4) weeks of work (the "MWPCL Class").

17. The MD Overtime Class and MWPCL Class will together be referred to as the "Maryland Classes."

18. The FLSA Collective, MD Overtime Class, and MWPCL Class are together referred to as the "Classes." Members of the Classes may be referred to herein as "Class Members" or "Field Construction Workers."

19. Plaintiff reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

20. Defendant Portillo owns and operates Defendant Priority Power, which provides commercial, industrial, and residential electrical construction and installation services.

21. As described herein, Portillo also founded, owned and operated Defendant Aaron Electric, for the purpose of exclusively providing electrical construction and installation services as a subcontractor to Defendant IDB.

22. In or around July 2022, Plaintiff was hired by Defendant Portillo to work for Defendant Priority Power, where he worked for approximately one (1) week.

23. However, after about one (1) week working for Defendant Priority Power, Plaintiff and a group of approximately 30-40 workers (many of whom were working for Priority Power at the time) were called into a meeting with Defendant Portillo. During the meeting, Defendant Portillo explained to the workers that they would be working for his new company, Defendant Aaron Electric, which would be working exclusively as a subcontractor to Defendant IDB. As described herein, Defendant IDB was therefore a "joint employer" of Plaintiff and Class Members.

24. Despite working on a consistent basis as construction workers for Defendant Aaron Electric, Plaintiff and other Field Construction Workers were illegally misclassified by Portillo Companies and Portillo as independent contractors.

25. As employees of Aaron Electric, Plaintiff and the Field Construction Workers performed various types of manual labor associated with the electrical construction and installation services provided by Defendant Aaron Electric.

26. During his employment with Aaron Electric, Plaintiff worked at least three (3) workweeks in excess of forty hours (40) hours. During each of those weeks, Plaintiff worked approximately 44 or more hours.

27. However, Plaintiff was never paid an overtime premium for his hours worked over forty (40) in a workweek, as required by the FLSA, MWHL and MWPCL.

28. Field Construction workers similarly worked several workweeks in excess of forty (40) hours within the last three (3) years, and similarly were denied overtime compensation for each hour worked over forty (40) hours, as required by the FLSA, MWHL and MWPCL.

29. Portillo Companies also failed to pay Plaintiff and the MWPCL Class Members any wages at all for their last approximately four (4) weeks of work for Aaron Electric. Plaintiff was not compensated for at least his last 136 hours of work.

30. The projects Plaintiff and Class Members were working on when Aaron Electric failed to pay overtime compensation and failed to pay Plaintiff and Class Members their last paychecks included a project called Yard 56, on which Defendant LFJ was the general contractor.

31. At all times relevant to this Complaint, Plaintiff and Field Construction Workers were employees of Portillo Companies entitled to the overtime protections of the FLSA, MWHL and MWPCL (not independent contractors).

32. Defendants Portillo Companies and Portillo supervised the work of Plaintiff and the Field Construction Workers and had the ability to control, and did control, the manner in which that work was performed.

33. Plaintiff and the Field Construction Workers enjoyed no opportunity for profit or loss based on managerial skill. Rather, they were paid purely on an hourly basis as manual laborers/construction workers and exercised no managerial duties or skill.

34. Plaintiff and the Field Construction Workers provided no significant investment in equipment or materials required for their work. Plaintiffs and the Field Construction Workers did not employ helpers or any other employee.

35. The work of Plaintiffs and the Field Construction Workers did not require special skill. Rather, their work was routine electrical construction work.

36. The working relationship between Defendant Portillo Companies and Plaintiff/Field Construction Workers was in a nature of a permanent relationship. Day to day and week to week, Plaintiffs and the Field Construction Workers were regularly employed, full-time, by Portillo Companies as electricians/construction workers.

37. The work of Plaintiff and the Field Construction Workers was electrical construction and installation work. The very business of Portillo Companies is electrical

construction and installation work. Thus, the work of Plaintiff and the Field Construction Workers was integral to Portillo Companies' business.

38. At all relevant times, Defendant Portillo was a principal and managing agent of Portillo Companies.

39. Portillo directed the work (directly and through intermediaries such as superintendents, foreman or other managers) of Plaintiff and the Field Constructions Workers.

40. Portillo had the power to, and did, hire and fire Field Construction Workers. Portillo hired Plaintiff.

41. Portillo was responsible for the illegal payroll policies alleged in this Complaint. Portillo was responsible for the decisions to misclassify Plaintiff and the Class Members, deny them overtime compensation, and deny Plaintiff and MWPCL Class Members their last four (4) weeks of wages.

42. Plaintiff complained to Defendant Portillo about not being paid for his last four (4) weeks of work, and Defendant Portillo responded that he did not have the money to pay Plaintiff's wages because Defendant IDB had not paid Aaron Electric.

43. As described herein, Portillo exercised supervisory authority over the work of Plaintiff and the Field construction Workers and exercised discretionary control over employee payroll policies and decisions.

44. Thus, Portillo also was an employer within the meaning of the FLSA, MWHL and MWPCL, liable for the wage violations alleged herein.

45. At all times relevant to this Complaint, Defendants Aaron Electric and Priority Power constituted a single employer or jointly employed Plaintiff and the Field Construction Workers.

46. Both Priority Power and Aaron Electric were owned, operated and managed by Defendant Portillo. Portillo was responsible for employee, human resources, and payroll policies at both Aaron Electric and Priority Power.

47. Defendant Portillo hired Plaintiff to work at Priority Power, but exercised his authority to transfer Plaintiff and several other Priority Power employees to work for Aaron Electric.

48. Priority Power and Aaron Electric share the same offices in Greenbelt, Maryland.

49. Priority Power and Aaron Electric are in the same line of business (electrical construction and installation services), serving the same or similar type of customers.

50. Priority Power and Aaron Electric shared or had overlap in employees. On at least one occasion, Defendant Portillo directed Plaintiff to perform work for Defendant Priority Power, after he had already been transferred to Aaron Electric.

51. As described herein, Defendants Aaron Electric and Priority Power were together functionally integrated in that they utilized the same or similar construction equipment, tools, and labor relations personnel. Priority Power and Aaron Electric each exhibited common ownership and control, including through Portillo. Thus, Aaron Electric and Priority Power constitute a single employer of Plaintiff and Field Construction Workers. *See N.L.R.B. v. Browning-Ferris Indus. of Pennsylvania*, Inc., 691 F.2d 1117, 1122 (3d Cir. 1982)

52. Alternatively, even if Aaron Electric and Priority Power are not functionally integrated such that they constituted "one integrated enterprise," *id*, they jointly employed Plaintiff and the Field Construction Workers because they, through Portillo or other agents, shared or co-determined control over Plaintiffs and the Classes with respect to the terms and conditions of employment. *Id*. at 1124; 29 C.F.R. § 791.2(b).

53. Alternatively, Defendant Aaron Electric is the alter-ego of Defendant Priority Power, in that Defendant Portillo set up Aaron Electric to perform the same services as Priority Power, but with a misclassified workforce to which he would not pay overtime compensation (or payroll taxes).

54. Defendant Aaron Electric may not itself have the ability to pay the judgment requested in this action. Upon information and belief, Aaron Electric is no longer a functioning business.

55. Priority Power is liable for the unpaid wages of the employees of Aaron Electric, as Aaron Electric was merely an alter-ego of Priority Power.

56. Alternatively, Priority Power is the successor of Aaron Electric, liable for the unpaid wages of the employees of Aaron Electric.

57. Despite knowledge of wage and hour liabilities to its employees, upon information and belief, Aaron Electric's remaining assets were distributed to Defendant Portillo.

58. It is well established and commonly known that construction workers and other manual "blue collar" laborers such as Plaintiff and the Field Construction Workers are not exempt from the overtime requirements of the FLSA and MWHL. *See, e.g.*, Fact Sheet 17P: Construction Workers and the Part 541 Exemptions under the Fair Labor Standards Act (FLSA) ("The exemptions provided by FLSA Section 13(a)(1) do not apply to manual laborers or other "blue-collar" workers, including non-management construction workers, who perform work involving repetitive operations with their hands, physical skill and energy.").

59. Defendants Portillo Companies and Portillo knew or should have known that Plaintiff and the Field Construction Workers were not exempt from the FLSA's overtime requirements.

60. At Priority Power, upon information and belief, Defendant Portillo correctly classified Priority Power's workforce as W-2 employees and accordingly paid them overtime compensation for hours worked over forty (40) in a workweek.

61. As described herein, Defendants Portillo Companies and Portillo knowingly and willfully failed to pay Plaintiff and the Field Construction Workers overtime wages required by the FLSA, MWHL, and MWPCL.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

63. Plaintiff desires to pursue his FLSA claims individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

64. Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as construction workers pursuant to Defendant Portillo Companies' and Aaron Portillo's' previously described common pay practices and, as a result of those practices, were not paid overtime wages as required by 29 U.S.C. § 207. Resolution of this action requires inquiry into common facts, including, *inter alia*, Portillo Companies' common compensation, timekeeping, and payroll practices applicable to Field Construction Workers.

65. The similarly situated employees are known to Defendants Portillo Companies and Portillo, are readily identifiable, and may be located through Portillo Companies' business records.

66. Portillo Companies and Portillo employed many FLSA Collective Members. These similarly situated employees may be readily notified of this action through direct U.S. mail, email, SMS message, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §

216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

67. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Maryland Classes defined above.

68. The members of the Maryland Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are in excess of 50 members in each of the Maryland Classes.

69. Plaintiff will fairly and adequately represent and protect the interests of the Maryland Classes because there is no conflict between the claims of Plaintiff and those of the Maryland Classes, and Plaintiff's claims are typical of the claims of the Maryland Classes. Plaintiff's counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

70. There are questions of law and fact common to the proposed Maryland Classes, which predominate over any questions affecting only individual Class Members, including, without limitation: whether Portillo Companies and Portillo violated and continues to violate Maryland law through its policies or practices of not paying overtime wages for hours worked over 40 in a workweek, and not paying Plaintiff and MWPCL Class Members wages for their last four (4) weeks of work, in violation of the MWHL and MWPCL.

71. Plaintiff's claims are typical of the claims of the Maryland Classes in the following ways, without limitation: (a) Plaintiff is a member of the Maryland Classes; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Maryland Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as

those of the Maryland Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Maryland Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Maryland Class Members.

72. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Maryland Classes predominate over any questions affecting only individual Class members.

73. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Maryland Classes are readily identifiable from Defendant Aaron Electric's own employment records.  Prosecution of separate actions by individual members of the Maryland Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Maryland Classes that would establish incompatible standards of conduct for Defendants.

74. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the members of the Maryland Classes, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

75. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Maryland Classes.  Plaintiff envisions no

difficulty in the management of this action as a class action.

## COUNT I – UNPAID OVERTIME
### Violations of the Fair Labor Standards Act
**(Plaintiff and the FLSA Collective v. Aaron Electric, Priority Power, IDB and Portillo)**

76. All previous paragraphs are incorporated as though fully set forth herein.

77. The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).

78. Defendants Portillo Companies and IDB are subject to the wage requirements of the FLSA because they are "employers" within the meaning of 29 U.S.C. § 203(d).

79. During all relevant times, Defendants Portillo Companies and IDB were "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

80. During all relevant times, Plaintiff and the FLSA Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

81. As manual laborers/construction workers, Plaintiff and the FLSA Collective Members were not exempt from the requirements of the FLSA. Plaintiff and the FLSA Collective Members were entitled to be paid at the Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1). *See* 29 C.F.R. § 541.3

82. Defendant Aaron Electric and Priority Power, as a single enterprise and/or single employer and/or joint employer and/or alter ego of each other, and/or Priority Power as successor of Aaron Electric, and Defendant Aaron Portillo, as an employer within the meaning of the FLSA, and IDB as a joint employer, failed to comply with 29 U.S.C. § 207(a)(1), by failing to compensate Plaintiff and FLSA Collective Members at the Overtime Rate for all hours worked over forty (40)

in a workweek.

83. Defendants Portillo Companies, IDB and Aaron Portillo knowingly failed to compensate Plaintiff at the Overtime Rate for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

84. Defendants Portillo Companies, IDB and Aaron Portillo also failed to make, keep, and preserve records with respect to Plaintiff and FLSA Collective Members sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

85. In violating the FLSA, Defendants Portillo Companies, IDB and Aaron Portillo acted willfully and with reckless disregard of clearly applicable FLSA provisions.

86. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants Portillo Companies, IDB and Aaron Portillo, who fail to pay an employee wages in conformance with the FLSA, shall be liable to the employee for unpaid wages, liquidated damages, and attorneys' fees and costs incurred in recovering the unpaid wages.

**COUNT II – Unpaid Overtime**
**Violation of the Maryland Wage and Hour Law**
**(Plaintiff and MD Overtime Class v. Aaron Electric, Priority Power, IDB and Portillo)**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The MWHL requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at 150% of the regular rate of pay. Md. Code Ann., Lab. & Empl. §§3-415, 3-420.

89. Defendants Portillo Companies and IDB are subject to the overtime requirements of the MWHL because they are employers under Md. Code Ann., Lab. & Empl. § 3-401(b).

90. During all relevant times, Plaintiff and the MD Overtime Class Members were

covered employees entitled to the above-described MWHL protections. Md. Code Ann., Lab. & Empl. § 3-401 et seq.

91. Defendants Aaron Electric and Priority Power, as a single enterprise and/or single employer and/or joint employer and/or alter ego of each other, and Priority Power as a successor of Aaron Electric, and Defendant Aaron Portillo, as an employer within the meaning of the MWHL, and IDB as a joint employer, failed to compensate Plaintiff and the MD Overtime Class Members at the Overtime Rate for hours worked in excess of forty (40) hours per week, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

92. Pursuant to Md. Code Ann., Lab. & Empl. § 3-427, employers, such as Defendants Portillo Companies, IDB and Portillo, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages that were not paid, interest, and attorneys' fees and costs incurred in recovering the unpaid wages.

### COUNT III – Unpaid Wages
### Violation of the Maryland Wage Payment and Collection Law
### (Plaintiff and the Maryland Classes v. Defendants)

93. All previous paragraphs are incorporated as though fully set forth herein.

94. The Maryland Wage Payment and Collection Law ("MWPCL") provides that an employer is obligated to pay all wages due to its employees, including overtime compensation due under law. *See* Md. Code, Lab. & Empl. Art., §§ 3-501, 3-502, 3-505.

95. At all times relevant to this Complaint, Defendants Portillo Companies and IDB were subject to the wage payment requirements of the MWPCL because they are employers within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art., § 3-501.

96. Plaintiff and the members of the Maryland Classes were employees entitled to the protections of the of the MWPCL.

97. Defendants Portillo Companies, IDB and Portillo failed to compensate Plaintiff and the MD Overtime Class Members overtime wages for hours worked over forty (40) in a workweek, in violation of the MWPCL.

98. Defendants Portillo Companies, IDB and Portillo also failed to compensate Plaintiff and the MWPCL Class Members their final four (4) weeks of pay, in violation of the MWPCL. More than two (2) weeks have passed since Plaintiff's and the MWPCL Class Members' last paychecks were due.

99. Defendants Aaron Electric and Priority Power, as a single enterprise and/or single employer and/or joint employer and/or alter ego of each other, and/or Priority Power as a successor of Aaron Electric, and Defendant Aaron Portillo, as an employer within the meaning of the MWPCL, and IDB as a joint employer, failed to compensate Plaintiff and the MD Overtime Class Members at the Overtime Rate for hours worked in excess of forty (40) hours per week, and failed to pay Plaintiff and the MWPCL their final four (4) weeks of wages, in violation of the MWPCL.

100. As a result of not receiving his final four (4) weeks of wages, Plaintiff suffered consequential damages, including pulling money from his savings account in order to pay his bills. Upon information and belief, MWPCL Class Members similarly suffered consequential damages.

101. Defendants Portillo Companies, IDB and Portillo have intentionally failed to pay the wages due under the MWPCL, including overtime compensation, in violation of Md. Code, Lab. & Empl. Art., §§ 3-502, 3-505.

102. Defendants Portillo Companies and Portillo were not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's wages that concern this lawsuit.

103. Defendants Portillo Companies and Portillo did not have written authorization from Plaintiff to withhold, divert or deduct any portion of his wages that concern this lawsuit.

104. Pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2, employers such as Defendants Portillo Companies, IDB and Portillo, who fail to pay an employee wages in conformance with the MWPCL, shall be liable to the employee for the unpaid wages or expenses that were not paid, liquidated damages of two times (2x) all unpaid wages, plus the court costs and attorney's fees incurred in recovering the unpaid wages.

105. Pursuant to Md. Code, Lab. & Empl. §§ 3-507.2(c), Defendants LFJ and IDB, as a higher-tiered construction contractors of Aaron Electric performing construction services within the meaning of Md. Code, Lab. & Empl. §§ 3-507.2(c) and 3-901, are liable to Plaintiff and the Maryland Classes for Defendant Aaron Electric's violations of the MWPCL described herein, in an amount equal to the unpaid wages, interest, liquidated damages equal to two time (2x) the unpaid wages, plus attorneys' fees and costs incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief individually, and on behalf of all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

    c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Maryland Classes;

    d. All unpaid wages, including unpaid overtime wages, and prejudgment interest, to the fullest extent permitted under the law;

    e. Liquidated damages and penalties to the fullest extent permitted under the law;

    f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    g. Such other and further relief as this Court deems just and proper.

Dated: October 13, 2023　　　　　　　　　　　　Respectfully Submitted,

**GOODLEY McCARTHY LLC**

by:   /s/ James E. Goodley  
James E. Goodley (Id. No. 18911)  
Ryan P. McCarthy*  
One Liberty Place  
1650 Market Street, Suite 3600  
Philadelphia, PA 19103  
Telephone: (215) 394-0541  
james@gmlaborlaw.com  
ryan@gmlaborlaw.com

*Attorney for Plaintiff and the Classes*

*Pro hac vice motion forthcoming*