**IN THE UNTED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**JUAN PEREZ, individually and on behalf of all persons similarly situated** *
**Plaintiff(s)** *
**v.** * **Case No.: 23 CV 2778**
*
**INTEGRATED DESIGN BUILD, INC f/k/a D&R ELECTRIC, INC. ET AL** *
**Defendants** *

**********************************************

**ANSWER TO COMPLAINT AND CROSSCLAIM AGAINST INTEGRATED DESIGN BUILD, INC.**

COMES NOW, Defendants, Aaron Electric, Inc., Priority Power Inc. and Aaron L. Portillo ("Defendants"), by and through the undersigned counsel, hereby answer for themselves only the Class Action Complaint ("CAC") filed by Plaintiff, Juan Perez ("Plaintiff") as follows:

**INTRODUCTION**

Answering unnumbered paragraph of Plaintiff's CAC, Defendants cannot admit or deny the introductory paragraph of the CAC and to the extent an answer is required, Defendants deny the allegations in paragraph 1 of CAC.

**JURISDICTION AND VENUE**

1. Answering paragraph 1 of Plaintiff's CAC, Plaintiff merely states jurisdictional allegations to which no response is required but to the extent a response is required, Defendants deny allegations of paragraph 1 of the CAC.

2. Answering paragraph 2 of Plaintiff's CAC, Defendants admit that they conduct business in Maryland and is headquartered in the State of Maryland. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 2 of the CAC.

**PARTIES**

3. Answering paragraph 3 of Plaintiff's CAC, Defendants admit that Plaintiff

Juan Perez worked for Aaron Electric in Maryland. Defendants lack sufficient information regarding the remainder of the allegations in paragraph 3, and therefore deny those allegations.

4. Answering paragraph 4 of Plaintiff's CAC, Defendants lack sufficient knowledge to admit or deny the allegations.

5. Answering paragraph 5 of Plaintiff's CAC, Defendants admit the allegations of paragraph 5 of the CAC.

6. Answering paragraph 6 of Plaintiff's CAC, Defendants admit the allegations of paragraph 6 of the CAC.

7. Answering paragraph 7 of Plaintiff's CAC, Defendants admit that Aaron Portillo is the owner of Aaron Electric and Priority Power. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 3 of the CAC.

8. Answering paragraph 8 of Plaintiff's CAC, Defendants lack sufficient knowledge to admit or deny the allegations.

9. Answering paragraph 9 of Plaintiff's CAC, Defendants deny the allegations.

10. Answering paragraph 10 of Plaintiff's CAC, Defendants deny the allegations.

11. Answering paragraph 11 of Plaintiff's CAC, Defendants deny the allegations.

12. Answering paragraph 12 of Plaintiff's CAC, Defendants admit the allegations.

13. Answering paragraph 13 of Plaintiff's CAC, Defendants deny the allegations.

**CLASS DEFINITIONS**

14. Answering paragraph 14 of Plaintiff's CAC, Defendants cannot admit or

deny plaintiff's class definition because it requires no response but to the extent a response is required, Defendants deny the allegations of paragraph 14 of the CAC.

15. Answering paragraph 15 of Plaintiff's CAC, Defendants cannot admit or deny plaintiff's class definition because it requires no response but to the extent a response is required, Defendants deny the allegations of paragraph 15 of the CAC.

16. Answering paragraph 16 of Plaintiff's CAC, Defendants cannot admit or deny plaintiff's class definition because it requires no response but to the extent a response is required, Defendants deny the allegations of paragraph 16 of the CAC.

17. Answering paragraph 17 of Plaintiff's CAC, Plaintiff merely identifies a group which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 18 of the CAC.

18. Answering paragraph 18 of Plaintiff's CAC, Plaintiff merely identifies a group which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 18 of the CAC.

19. Answering paragraph 19 of Plaintiff's CAC, Plaintiff merely reserve the right redefine classed which require no response. Defendants reserve the right to object to the classes.

**FACTS**

20. Defendants admit the allegations of paragraph 20 of the CAC.

21. Defendants deny the allegations of paragraph 21 of the CAC.

22. Defendants deny the allegations of paragraph 22 of the CAC.

23. Defendants deny the allegations of paragraph 23 of the CAC.

24. Defendants deny the allegations of paragraph 24 of the CAC.

25. Defendants deny the allegations of paragraph 25 of the CAC.

26. Defendants deny the allegations of paragraph 26 of the CAC.

27. Defendants deny the allegations of paragraph 27 of the CAC.

28. Defendants deny the allegations of paragraph 28 of the CAC.

29. Defendants deny the allegations of paragraph 29 of the CAC.

30. Defendants deny the allegations of paragraph 30 of the CAC.

31. Defendants deny the allegations of paragraph 31 of the CAC.

32. Answering paragraph 32 of Plaintiff's CAC, Defendants admit that the Project Managers and Supervisors of Contractor and Subcontractor supervise the work of the electrical workers. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 32 of the CAC.

33. Answering paragraph 33 of Plaintiff's CAC, Defendants admit that their workers are paid on an hourly basis. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 33 of the CAC.

34. Answering paragraph 34 of Plaintiff's CAC, Defendants admit that electrical workers did not employ helpers or other workers. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 34 of the CAC.

35. Defendants deny the allegations of paragraph 35 of the CAC.

36. Defendants deny the allegations of paragraph 36 of the CAC.

37. Defendants deny the allegations of paragraph 37 of the CAC.

38. Defendants admit the allegations of paragraph 38 of the CAC.

39. Defendants deny the allegations of paragraph 39 of the CAC.

40. Defendants deny the allegations of paragraph 40 of the CAC.

41. Defendants deny the allegations of paragraph 41 of the CAC.

42. Defendants deny the allegations of paragraph 42 of the CAC but admit that IDB did not pay Aaron Electric.

43. Defendants deny the allegations of paragraph 43 of the CAC.

44. Defendants deny the allegations of paragraph 44 of the CAC.

45. Defendants deny the allegations of paragraph 45 of the CAC.

46. Defendants admit the allegations of paragraph 46 of the CAC.

47. Defendants deny the allegations of paragraph 47 of the CAC.

48. Defendants admit the allegations of paragraph 48 of the CAC.

49. Defendants admit the allegations of paragraph 49 of the CAC.

50. Defendants deny the allegations of paragraph 50 of the CAC.

51. Defendants deny the allegations of paragraph 51 of the CAC.

52. Defendants deny the allegations of paragraph 52 of the CAC.

53. Defendants deny the allegations of paragraph 53 of the CAC.

54. Defendants deny the allegations of paragraph 54 of the CAC.

55. Defendants deny the allegations of paragraph 55 of the CAC.

56. Defendants deny the allegations of paragraph 56 of the CAC.

57. Defendants deny the allegations of paragraph 57 of the CAC.

58. Answering paragraph 58 of Plaintiff's CAC, Plaintiff merely states legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 58 of the CAC.

59. Defendants deny the allegations of paragraph 59 of the CAC.

60. Defendants lack sufficient information to admit or deny the allegations in paragraph 60 as phrased.

61. Defendants deny the allegations of paragraph 61 of the CAC.

**COLLECTIVE ACTION ALLEGATIONS**

62. Answering paragraph 62 of Plaintiff's CAC, Plaintiff merely states legal

conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 62 of the CAC.

63. Answering paragraph 63 of Plaintiff's CAC, Plaintiff merely states his desire and a legal conclusion which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 63 of the CAC.

64. Defendants lack sufficient information to admit or deny the allegations of paragraph 64 of the CAC.

65. Defendants lack sufficient information to admit or deny the allegations of paragraph 65 of the CAC.

66. Defendants lack sufficient information to admit or deny the allegations of paragraph 66 of the CAC.

## CLASS ACTION ALLEGATIONS

67. Answering paragraph 67 of Plaintiff's CAC, Plaintiff merely states legal conclusion which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 67 of the CAC.

68. Defendants deny the allegations of paragraph 68 of the CAC.

69. Defendants cannot admit or deny the allegations of paragraph 69 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 69 of the CAC.

70. Defendants cannot admit or deny the allegations of paragraph 70 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 70 of the CAC.

71. Defendants cannot admit or deny the allegations of paragraph 71 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 71 of the CAC.

72. Defendants cannot admit or deny the allegations of paragraph 72 of the CAC. To

the extent a response is required, Defendants deny the allegations of paragraph 72 of the CAC.

73. Defendants cannot admit or deny the allegations of paragraph 73 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 73 of the CAC.

74. Defendants cannot admit or deny the allegations of paragraph 74 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 74 of the CAC.

75. Defendants cannot admit or deny the allegations of paragraph 75 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 75 of the CAC.

**COUNT I – UNPAID OVERTIME (FLSA)**

76. Paragraph 76 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporates their responses to the preceding paragraphs.

77. Defendants deny the allegations in paragraphs 77 through 86 of the CAC.

**COUNT II – UNPAID OVERTIME MWHL**

78. Paragraph 87 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporates their responses to the preceding paragraphs.

79. Defendants deny the allegations in paragraphs 88 through 92 of the CAC.

**COUNT III – UNPAID WAGES MWPCL**

80. Paragraph 93 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporates their responses to the preceding paragraphs.

81. Defendants deny the allegations in paragraphs 94 through 105 of the CAC.

**PRAYER**

82. Plaintiffs' Prayer requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without assuming any burden that they would not otherwise bear, Defendants further

assert the separate and distinct affirmative defenses stated below to each and every cause of action alleged in the CAC, except where such affirmative defense states that it is specifically limited to one or more causes of action:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
**Failure to State a Claim**

The CAC, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
**Unclean Hands**

Plaintiff's claims are barred by the doctrine of unclean hands.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**
**Estoppel**

Plaintiff's claims are barred by the doctrine of estoppel.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**
**Waiver**

Plaintiff and/or the putative class members relinquished and waived any right to any of the claims upon which Plaintiffs now seek relief.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**
**Acquiescence – Consent**

Plaintiffs' claims are barred because Plaintiff, and each member of the putative class, acquiesced or consented to the conduct about which they now complain.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**
**Misrepresentation**

Plaintiffs' claims are barred, in whole or in part, because in doing the things alleged in the CAC, Defendants acted in reliance on misrepresentations by Plaintiff and the putative class members, including but not limited to misrepresentations regarding hours worked.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**
**Lack of Standing**

The Complaint, and each purported cause of action alleged therein, is barred because

Plaintiffs lack standing to state the claims alleged in the Complaint and/or to assert the legal rights or interests of others.

**<u>EIGHT AFFIRMATIVE DEFENSE</u>**
**Non-Certifiable Class**

The Complaint, and each purported cause of action alleged therein, does not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class action.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**
**Inadequacy of Class Representative**

Plaintiff is not proper representatives of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**
**Putative Members Not Similarly Situated**

Plaintiff cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**
**Failure to Pay Not Willful**

Assuming arguendo that Defendants failed to pay Plaintiffs or putative class members all wages, Defendants cannot be held liable because the failure to pay was not willful.

**<u>TWELVETH AFFIRMATIVE DEFENSE</u>**

Defendants assert that Defendant, Integrated Design Build, Inc. f/k/a D&R Electric, Inc is liable for any unpaid wages based in its actions and inactions.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**
**Reasonableness and Good Faith**

Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances.

**<u>FOURTEETH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred by the affirmative defenses of improper defendants, failure to join an indispensable party, breach of contract, accord and satisfaction, estoppel,

laches, statute of limitations, fraud, payment, release, waiver, violation of law and statute, and any other matter constituting an avoidance or affirmative defenses on legal or equitable grounds.

**RIGHT TO AMEND AFFIRMATIVE DEFENSES**

Defendants respectfully reserve the right to amend their Answer to assert additional affirmative defenses in the future and to supplement those asserted herein upon further investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff be granted no relief in this action against Defendants.

2. That judgment be rendered in favor of Defendants and against Plaintiff on each and every cause of action alleged in the Complaint.

3. For such other and further relief as this Court deems just and proper.

**CROSS-CLAIMS DIRECTED TO DEFENDANT, INTEGRATED DESIGN BUILD, INC F/K/A D&R ELECTRIC**

1. Answering Defendants incorporate the allegations in Plaintiff's Complaint, without admission or adoption, as if set forth herein at length.

2. Answering Defendants incorporate their answer to the complaint as if duly set forth herein at length.

3. Integrated Design Build, Inc entered a subcontractor agreement with Aaron Electric, Inc on or about June 9, 2022, for electrical work at Yard 56 Mixed-Use.

4. Upon information, the subcontractor agreement required the submission of bi-weekly payment application for the payment of wages of the daily electrical workers on the site. The agreement also required the electrical workers to work overtime.

5. Upon information, Defendant, Integrated Design Build, Inc, consistently underpaid Aaron Electric, Inc for each payment application. Upon information, in May 2023,

Defendant, Integrated Design Build, Inc. withheld all payments to Defendant, Aaron Electric, Inc., despite the fact that workers performed services for the weeks payments were withheld.

6. If Plaintiff suffered unpaid wages and unpaid overtime wages as alleged, then co-defendant, Integrated Design Build, Inc., is solely responsible to Plaintiff and/or the alleged class members.

7. If the answering Defendants should be held liable to Plaintiff as alleged, which answering Defendants deny, then Co-Defendant, Integrated Design Build, Inc., is liable to the answering Defendants, for contribution and/or indemnification, whether by virtue of law, contract or common law.

WHEREFORE, answering Defendants deny liability and avers that Cross-Defendant, Integrated Design Build, Inc. is liable to Plaintiff, and/or is liable to the answering defendants for contribution and/or indemnification.

Respectfully Submitted,
**THE IWEANOGES' FIRM, P.C.**

By: _/s/CharlesCIweanoge/s/___________

Charles C. Iweanoge
AIS# 9912150059
**IWEANOGE LAW CENTER**
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: cci@iweanogesfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November 2023, copies of Defendants' Answer and Crosslaim against Integrated Design Build, Inc. was electronically filed with the Clerk of Court using the CM/ECF System, and all attorneys of record would be served by ECF.

______*/s/CharlesCIweanoge/s/*____
Charles C. Iweanoge

,