**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| JUAN PEREZ, individually and on behalf of all persons similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 8:23-cv-02778-DKC |
| INTEGRATED DESIGN BUILD, INC. f/k/a D&R ELECTRIC, INC.; *et al*., ) ) ) | |
| Defendants. ) ) | |
| L.F JENNINGS, INC., ) ) | |
| Defendant/Crossclaim-Plaintiff, ) ) | |
| v. ) ) | |
| INTEGRATED DESIGN BUILD, INC. f/k/a D&R ELECTRIC, INC., ) ) ) | |
| AARON ELECTRIC, INC., ) ) | |
| and ) ) | |
| PRIORITY POWER, INC., ) ) | |
| Defendants/Crossclaim-Defendants. ) ) | |

## DEFENDANT/CROSSCLAIM-PLAINTIFF L.F. JENNINGS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, AND CROSSCLAIMS

Defendant L.F. Jennings, Inc. ("Jennings" or "Defendant/Crossclaim-Plaintiff"), by and through counsel, hereby submits its Answer and Affirmative Defenses to the Complaint filed by Juan Perez ("Perez" or "Plaintiff") and Crossclaims against Integrated Design Build, Inc. f/k/a D&R Electric, Inc. ("IDB"), Aaron Electric, Inc. ("Aaron Electric"), and Priority Power, Inc.

("Priority Power"). Each paragraph below responds to the numbered paragraphs in Plaintiff's Complaint. Jennings denies all liability on all claims and counts, and denies all allegations not explicitly admitted below. Additionally, Jennings asserts crossclaims against IDB, Aaron Electric, and Priority Power, described after Jennings' answers to Plaintiff's allegations.

## CLASS AND COLLECTIVE ACTION COMPLAINT

This unnumbered, introductory paragraph identifies the Plaintiff and the Defendants, along with Plaintiff's claim. It contains no allegations necessitating a response.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings admits the allegations in Paragraph 1.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, Defendants conduct business in this District, and Defendants are headquartered in this District.

**Answer:** Jennings admits only that it conducts business in the District of Maryland. Jennings denies the remaining factual allegations in Paragraph 2.

## PARTIES

3.      Plaintiff Juan Perez ("Plaintiff") is an adult individual currently residing in Hyattsville, Maryland. He was employed as an electrician by Defendant Aaron Electric from approximately July 2022 through and including approximately May 2023. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a party-plaintiff in this action. *See* Ex. A.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of Plaintiff's residence or the truth or falsity of Plaintiff's employment with Aaron Electric or any other entity. To the extent a response is required, Jennings denies Paragraph 3.

4.      Defendant Integrated Design Build, Inc. f/k/a D&R Electric, Inc. ("IDB") is a Maryland corporation headquartered at 4640 Wedgewood Blvd., Suite 108, Frederick, MD 21703, and operating in the surrounding area.

**Answer:** Jennings admits the allegations in Paragraph 4.

5.      Defendant Aaron Electric, Inc. ("Aaron Electric") is a Maryland corporation headquartered at 5510 Cherrywood Lane, Suite D, Greenbelt, Maryland 20770, and operating in the surrounding area.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 5. To the extent a response is required, Jennings denies same.

6.      Defendant Priority Power, Inc. ("Priority Power" and together with Aaron Electric, "Portillo Companies") is a Maryland corporation headquartered at 5510 Cherrywood Lane, Suite D, Greenbelt, Maryland 20770, and operating in the surrounding area.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 6. To the extent a response is required, Jennings denies same.

7.      Defendant Aaron Portillo ("Portillo") is an adult individual who resides in Virginia. Portillo is the owner and managing agent of both Aaron Electric and Priority Power. Defendant Portillo was responsible for the illegal payroll violations alleged in this Complaint.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 6. To the extent a response is required, Jennings denies same.

8.     Defendant L.F. Jennings, Inc. ("LFJ") is a Virginia corporation headquartered at 407 N. Washington Street, Suite 200, Falls Church, VA, 22046.

9.     **Answer:** Jennings admits the allegations in Paragraph 8.

10.     At all relevant times, Defendant Aaron Electric was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations in Paragraph 10. To the extent a response is required, Jennings denies same.

11.     Defendants Aaron Electric, Priority Power and IDB each employ or employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207, within the last three years.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Aaron Electric, Priority Power, and/or IDB contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 11.

12.     Defendants Aaron Electric, Priority Power and IDB each have or had annual gross volumes of business that exceed $500,000, within the last three years.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Aaron Electric, Priority Power, and/or IDB contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 12.

13.     As described herein, Defendants Aaron Electric and Priority Power individually and/or jointly comprise an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, and/or constitute a single employer, and/or are alter egos of each other, and/or Priority Power is the successor to Aaron Electric.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Aaron Electric, Priority Power, and/or IDB contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 13.

## CLASS DEFINITIONS

14.     Plaintiff brings COUNT I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in litigants:

> All current or former field construction workers who performed work for Defendant Aaron Electric in the United States and who worked at least one (1) workweek in excess of forty (40) hours within the past three (3) years (the "FLSA Collective").

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies Paragraph 14 and denies that any such certification is proper.

15.     Plaintiff brings Counts II-III of this lawsuit pursuant to the MWHL and MWPCL as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former field construction workers who performed work for Defendant Aaron Electric in Maryland and who worked at least one (1) workweek in excess of forty (40) hours within the past three (3) years ("MD Overtime Class")

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies Paragraph 15 and denies that any such certification is proper.

16. Plaintiff also brings COUNT III of this lawsuit pursuant to the MWPCL as a class action pursuant to FED. R. CIV. P. 23, on behalf of himself and the following class:

> All current or former field construction workers of Defendant Aaron Electric who were not compensated for their last four (4) weeks of work (the "MWPCL Class").

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies Paragraph 16 and denies that any such certification is proper.

17. The MD Overtime Class and MWPCL Class will together be referred to as the "Maryland Classes."

**Answer:** This paragraph contains no factual allegations, and therefore requires no response.

18. The FLSA Collective, MD Overtime Class, and MWPCL Class are together referred to as the "Classes." Members of the Classes may be referred to herein as "Class Members" or "Field Construction Workers."

**Answer:** This paragraph contains no factual allegations, and therefore requires no response.

19. Plaintiff reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

**Answer:** This paragraph contains no factual allegations, and therefore requires no response.

**FACTS**

20.    Defendant Portillo owns and operates Defendant Priority Power, which provides commercial, industrial, and residential electrical construction and installation services.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Defendants Portillo and Priority Power contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 20.

21.    As described herein, Portillo also founded, owned and operated Defendant Aaron Electric, for the purpose of exclusively providing electrical construction and installation services as a subcontractor to Defendant IDB.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Defendants Portillo and Priority Power contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 21.

22.    In or around July 2022, Plaintiff was hired by Defendant Portillo to work for Defendant Priority Power, where he worked for approximately one (1) week.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's hiring contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 22.

23.    However, after about one (1) week working for Defendant Priority Power, Plaintiff and a group of approximately 30-40 workers (many of whom were working for Priority Power at the time) were called into a meeting with Defendant Portillo. During the meeting, Defendant Portillo explained to the workers that they would be working for his new company, Defendant

Aaron Electric, which would be working exclusively as a subcontractor to Defendant IDB. As described herein, Defendant IDB was therefore a "joint employer" of Plaintiff and Class Members.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the conditions of Plaintiff's work contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 23.

24. Despite working on a consistent basis as construction workers for Defendant Aaron Electric, Plaintiff and other Field Construction Workers were illegally misclassified by Portillo Companies and Portillo as independent contractors.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about how Plaintiff was classified contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 24.

25. As employees of Aaron Electric, Plaintiff and the Field Construction Workers performed various types of manual labor associated with the electrical construction and installation services provided by Defendant Aaron Electric.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the conditions of Plaintiff's work contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 25.

26. During his employment with Aaron Electric, Plaintiff worked at least three (3) workweeks in excess of forty hours (40) hours. During each of those weeks, Plaintiff worked approximately 44 or more hours.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the conditions of Plaintiff's work contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 26.

27.     However, Plaintiff was never paid an overtime premium for his hours worked over forty (40) in a workweek, as required by the FLSA, MWHL and MWPCL.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the conditions of Plaintiff's work contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 27.

28.     Field Construction workers similarly worked several workweeks in excess of forty (40) hours within the last three (3) years, and similarly were denied overtime compensation for each hour worked over forty (40) hours, as required by the FLSA, MWHL and MWPCL.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the work conditions of Field Construction workers contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 28.

29.     Portillo Companies also failed to pay Plaintiff and the MWPCL Class Members any wages at all for their last approximately four (4) weeks of work for Aaron Electric. Plaintiff was not compensated for at least his last 136 hours of work.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the conditions of Plaintiff's and the putative MWPCL Class Members' work contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 29.

30.     The projects Plaintiff and Class Members were working on when Aaron Electric failed to pay overtime compensation and failed to pay Plaintiff and Class Members their last paychecks included a project called Yard 56, on which Defendant LFJ was the general contractor.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the conditions of Plaintiff's and the putative Class Members' work contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 30.

31.     At all times relevant to this Complaint, Plaintiff and Field Construction Workers were employees of Portillo Companies entitled to the overtime protections of the FLSA, MWHL and MWPCL (not independent contractors).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 31.

32.     Defendants Portillo Companies and Portillo supervised the work of Plaintiff and the Field Construction Workers and had the ability to control, and did control, the manner in which that work was performed.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's and the Field Construction Workers' employment conditions contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 32.

33.     Plaintiff and the Field Construction Workers enjoyed no opportunity for profit or loss based on managerial skill. Rather, they were paid purely on an hourly basis as manual laborers/construction workers and exercised no managerial duties or skill.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's and the Field Construction Workers' employment conditions contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 33.

34.     Plaintiff and the Field Construction Workers provided no significant investment in equipment or materials required for their work. Plaintiffs and the Field Construction Workers did not employ helpers or any other employee.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's and the Field Construction Workers' employment conditions contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 34.

35.     The work of Plaintiffs and the Field Construction Workers did not require special skill. Rather, their work was routine electrical construction work.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's and the Field Construction Workers' employment conditions contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 35.

36.     The working relationship between Defendant Portillo Companies and Plaintiff/Field Construction Workers was in a nature of a permanent relationship. Day to day and week to week, Plaintiffs and the Field Construction Workers were regularly employed, full-time, by Portillo Companies as electricians/construction workers.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's and the Field Construction Workers' employment conditions contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 36.

37.     The work of Plaintiff and the Field Construction Workers was electrical construction and installation work. The very business of Portillo Companies is electrical

construction and installation work. Thus, the work of Plaintiff and the Field Construction Workers was integral to Portillo Companies' business.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Plaintiff's and the Field Construction Workers' employment conditions contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 37.

38.     At all relevant times, Defendant Portillo was a principal and managing agent of Portillo Companies.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the extent of Defendant Portillo's involvement in the Portillo Companies contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 38.

39.     Portillo directed the work (directly and through intermediaries such as superintendents, foreman or other managers) of Plaintiff and the Field Constructions Workers.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the extent of Defendant Portillo's control over Plaintiff's or the Field Construction Workers' employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 39.

40.     Portillo had the power to, and did, hire and fire Field Construction Workers. Portillo hired Plaintiff.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the extent of Defendant Portillo's control over Plaintiff's

or the Field Construction Workers' employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 40.

41.     Portillo was responsible for the illegal payroll policies alleged in this Complaint. Portillo was responsible for the decisions to misclassify Plaintiff and the Class Members, deny them overtime compensation, and deny Plaintiff and MWPCL Class Members their last four (4) weeks of wages.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about the extent of Defendant Portillo's control over Plaintiff's or the putative Class Members' employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 41.

42.     Plaintiff complained to Defendant Portillo about not being paid for his last four (4) weeks of work, and Defendant Portillo responded that he did not have the money to pay Plaintiff's wages because Defendant IDB had not paid Aaron Electric.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the alleged statements contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 42.

43.     As described herein, Portillo exercised supervisory authority over the work of Plaintiff and the Field construction Workers and exercised discretionary control over employee payroll policies and decisions.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the alleged extent of Defendant Portillo's control over Plaintiff's or the Field Construction Workers' employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 43.

44.     Thus, Portillo also was an employer within the meaning of the FLSA, MWHL and MWPCL, liable for the wage violations alleged herein.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 44.

45.     At all times relevant to this Complaint, Defendants Aaron Electric and Priority Power constituted a single employer or jointly employed Plaintiff and the Field Construction Workers.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 45.

46.     Both Priority Power and Aaron Electric were owned, operated and managed by Defendant Portillo. Portillo was responsible for employee, human resources, and payroll policies at both Aaron Electric and Priority Power.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the alleged extent of Defendant Portillo's ownership of Defendants Priority Power and Aaron Electric contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 46.

47.     Defendant Portillo hired Plaintiff to work at Priority Power, but exercised his authority to transfer Plaintiff and several other Priority Power employees to work for Aaron Electric.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the alleged extent of Defendant Portillo's control over Plaintiff's or anyone else's employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 47.

48.     Priority Power and Aaron Electric share the same offices in Greenbelt, Maryland.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of office Priority Power and Aaron Electric allegedly share contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 48.

49.     Priority Power and Aaron Electric are in the same line of business (electrical construction and installation services), serving the same or similar type of customers.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of Priority Power and Aaron Electric's allegedly similar business contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 49.

50.     Priority Power and Aaron Electric shared or had overlap in employees. On at least one occasion, Defendant Portillo directed Plaintiff to perform work for Defendant Priority Power, after he had already been transferred to Aaron Electric.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the employees Priority Power and Aaron Electric allegedly shared contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 50.

51.     As described herein, Defendants Aaron Electric and Priority Power were together functionally integrated in that they utilized the same or similar construction equipment, tools, and labor relations personnel. Priority Power and Aaron Electric each exhibited common ownership and control, including through Portillo. Thus, Aaron Electric and Priority Power constitute a single employer of Plaintiff and Field Construction Workers. *See N.L.R.B. v. Browning-Ferris Indus. of Pennsylvania*, Inc., 691 F.2d 1117, 1122 (3d Cir. 1982).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of Priority Power and Aaron Electric's alleged functional integration or common ownership contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 51.

52. Alternatively, even if Aaron Electric and Priority Power are not functionally integrated such that they constituted "one integrated enterprise," *id*, they jointly employed Plaintiff and the Field Construction Workers because they, through Portillo or other agents, shared or co-determined control over Plaintiffs and the Classes with respect to the terms and conditions of employment. *Id*. at 1124; 29 C.F.R. § 791.2(b).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of Priority Power and Aaron Electric's alleged joint employment of Plaintiff or the Field Construction Workers contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 52.

53. Alternatively, Defendant Aaron Electric is the alter-ego of Defendant Priority Power, in that Defendant Portillo set up Aaron Electric to perform the same services as Priority Power, but with a misclassified workforce to which he would not pay overtime compensation (or payroll taxes).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity about whether Defendant Portillo "set up" Aaron Electric, or for what purpose, as

alleged in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 53.

54.     Defendant Aaron Electric may not itself have the ability to pay the judgment requested in this action. Upon information and belief, Aaron Electric is no longer a functioning business.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations about Aaron Electric's solvency contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 54.

55.     Priority Power is liable for the unpaid wages of the employees of Aaron Electric, as Aaron Electric was merely an alter-ego of Priority Power.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegation that Priority Power is Aaron Electric's alter ego contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 55.

56.     Alternatively, Priority Power is the successor of Aaron Electric, liable for the unpaid wages of the employees of Aaron Electric.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegation that Priority Power is Aaron Electric's successor contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 56.

57.     Despite knowledge of wage and hour liabilities to its employees, upon information and belief, Aaron Electric's remaining assets were distributed to Defendant Portillo.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegation Defendant Aaron Electric's assets were distributed to Defendant Portillo contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 57.

58.  It is well established and commonly known that construction workers and other manual "blue collar" laborers such as Plaintiff and the Field Construction Workers are not exempt from the overtime requirements of the FLSA and MWHL. *See, e.g.*, Fact Sheet 17P: Construction Workers and the Part 541 Exemptions under the Fair Labor Standards Act (FLSA) ("The exemptions provided by FLSA Section 13(a)(1) do not apply to manual laborers or other "blue-collar" workers, including non-management construction workers, who perform work involving repetitive operations with their hands, physical skill and energy.").

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 58.

59.  Defendants Portillo Companies and Portillo knew or should have known that Plaintiff and the Field Construction Workers were not exempt from the FLSA's overtime requirements.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations of what Defendants Portillo Companies and Portillo knew or should have known about Plaintiff and the Field Construction Workers' employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 59.

60.     At Priority Power, upon information and belief, Defendant Portillo correctly classified Priority Power's workforce as W-2 employees and accordingly paid them overtime compensation for hours worked over forty (40) in a workweek.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations of how Defendants Portillo and Priority Power's workforce policies employment contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 60.

61.     As described herein, Defendants Portillo Companies and Portillo knowingly and willfully failed to pay Plaintiff and the Field Construction Workers overtime wages required by the FLSA, MWHL, and MWPCL.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations regarding whether Defendants Portillo Companies and Portillo failed to pay Plaintiff and the Field Construction Workers contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 61.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

**Answer:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Jennings states that Plaintiff's complaint speaks for itself and denies any allegations or inferences contained in Paragraph 62.

63.     Plaintiff desires to pursue his FLSA claims individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations regarding Plaintiff's desires contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 63.

64.     Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as construction workers pursuant to Defendant Portillo Companies' and Aaron Portillo's' previously described common pay practices and, as a result of those practices, were not paid overtime wages as required by 29 U.S.C. § 207. Resolution of this action requires inquiry into common facts, including, *inter alia*, Portillo Companies' common compensation, timekeeping, and payroll practices applicable to Field Construction Workers.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the alleged work conditions of the putative FLSA Collective, Defendants Portillo Companies' and Aaron Portillo's alleged pay practices, and the alleged common facts as described in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 64.

65.     The similarly situated employees are known to Defendants Portillo Companies and Portillo, are readily identifiable, and may be located through Portillo Companies' business records.

**Answer:** Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations regarding Defendants Portillo Companies and Portillo's knowledge of putative similarly situated employees contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 65.

66. Portillo Companies and Portillo employed many FLSA Collective Members. These similarly situated employees may be readily notified of this action through direct U.S. mail, email, SMS message, and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations regarding Defendants Portillo Companies and Portillo's employment of any putative FLSA collective members contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 66.

## CLASS ACTION ALLEGATIONS

67. Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Maryland Classes defined above.

**Answer:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Jennings states that Plaintiff's complaint speaks for itself and denies any allegations or inferences contained in Paragraph 67.

68. The members of the Maryland Classes are so numerous that joinder of all members is impracticable. Upon information and belief, there are in excess of 50 members in each of the Maryland Classes.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 68.

69. Plaintiff will fairly and adequately represent and protect the interests of the Maryland Classes because there is no conflict between the claims of Plaintiff and those of the

Maryland Classes, and Plaintiff's claims are typical of the claims of the Maryland Classes. Plaintiff's counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 69.

70. There are questions of law and fact common to the proposed Maryland Classes, which predominate over any questions affecting only individual Class Members, including, without limitation: whether Portillo Companies and Portillo violated and continues to violate Maryland law through its policies or practices of not paying overtime wages for hours worked over 40 in a workweek, and not paying Plaintiff and MWPCL Class Members wages for their last four (4) weeks of work, in violation of the MWHL and MWPCL.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 70.

71. Plaintiff's claims are typical of the claims of the Maryland Classes in the following ways, without limitation: (a) Plaintiff is a member of the Maryland Classes; (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Maryland Classes; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Maryland Classes and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Maryland Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Maryland Class Members.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 71.

72.    Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Maryland Classes predominate over any questions affecting only individual Class members.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 72.

73.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Maryland Classes are readily identifiable from Defendant Aaron Electric's own employment records. Prosecution of separate actions by individual members of the Maryland Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Maryland Classes that would establish incompatible standards of conduct for Defendants.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 73.

74.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the members of the Maryland Classes, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 74.

75.     Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Maryland Classes. Plaintiff envisions no difficulty in the management of this action as a class action.

**Answer:** Jennings denies that it committed any wrongdoing and that Plaintiff has suffered any damages as alleged in Paragraph 75. Furthermore, Jennings denies any remaining inferences contained in Paragraph 75.

**COUNT I – UNPAID OVERTIME**
**Violations of the Fair Labor Standards Act**
**(Plaintiff and the FLA Collective v. Aaron Electric, Priority Power, IDB and Portillo)**

76.     All previous paragraphs are incorporated as though fully set forth herein.

**Answer:** Jennings incorporates all of its responses set forth above as if fully restated herein.

77.     The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay ("Overtime Rate") for all hours worked in excess of forty (40) hours per week. *See* 29 U.S.C. § 207(a)(1).f

**Answer:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Jennings states that statutory text of the FLSA speaks for itself and denies any allegations or inferences contained in Paragraph 77.

78.     Defendants Portillo Companies and IDB are subject to the wage requirements of the FLSA because they are "employers" within the meaning of 29 U.S.C. § 203(d).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations regarding Defendants Portillo Companies and IDB's obligations

under the FLSA as contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 78.

79.     During all relevant times, Defendants Portillo Companies and IDB were "employers" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations that Defendants Portillo Companies and IDB' were "employers", as the term is defined under the FLSA, contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 79.

80.     During all relevant times, Plaintiff and the FLSA Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegation that Plaintiff and the putative FLSA collective members were covered employees under the FLSA contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 80.

81.     As manual laborers/construction workers, Plaintiff and the FLSA Collective Members were not exempt from the requirements of the FLSA. Plaintiff and the FLSA Collective Members were entitled to be paid at the Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1). *See* 29 C.F.R. § 541.3.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the

truth or falsity of the allegation that Plaintiff and the putative FLSA collective members were not exempt employees under the FLSA contained in this paragraph. To the extent a response is required, Jennings denies the allegations in Paragraph 81.

82.     Defendant Aaron Electric and Priority Power, as a single enterprise and/or single employer and/or joint employer and/or alter ego of each other, and/or Priority Power as successor of Aaron Electric, and Defendant Aaron Portillo, as an employer within the meaning of the FLSA, and IDB as a joint employer, failed to comply with 29 U.S.C. § 207(a)(1), by failing to compensate Plaintiff and FLSA Collective Members at the Overtime Rate for all hours worked over forty (40) in a workweek.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding the business relationship between Defendants Aaron Electric and Priority Power. To the extent a response is required, Jennings denies the allegations in Paragraph 82.

83.     Defendants Portillo Companies, IDB and Aaron Portillo knowingly failed to compensate Plaintiff at the Overtime Rate for all hours worked in excess of forty (40) hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding how Defendants Portillo Companies, IDB, and Aaron Portillo  compensated Plaintiff. To the extent a response is required, Jennings denies the allegations in Paragraph 83.

84. Defendants Portillo Companies, IDB and Aaron Portillo also failed to make, keep, and preserve records with respect to Plaintiff and FLSA Collective Members sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding what records Defendants Portillo Companies, IDB, and Aaron Portillo maintained regarding Plaintiff and the putative FLSA collective members. To the extent a response is required, Jennings denies the allegations in Paragraph 84.

85. In violating the FLSA, Defendants Portillo Companies, IDB and Aaron Portillo acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Jennings denies the allegations in Paragraph 85.

86. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants Portillo Companies, IDB and Aaron Portillo, who fail to pay an employee wages in conformance with the FLSA, shall be liable to the employee for unpaid wages, liquidated damages, and attorneys' fees and costs incurred in recovering the unpaid wages.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Portillo Companies, IDB, and Aaron Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 86.

## COUNT II – Unpaid Overtime
## Violation of the Maryland Wage and Hour Law
## (Plaintiff and MD Overtime Class v. Aaron Electric, Priority Power, IDB and Portillo)

87.     All previous paragraphs are incorporated as though fully set forth herein.

**Answer:** Jennings incorporates all of its responses set forth above as if fully restated herein.

88.     The MWHL requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at 150% of the regular rate of pay. Md. Code Ann., Lab. & Empl. §§3-415, 3-420.

**Answer:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Jennings states that statutory text of the MWHL speaks for itself and denies any allegations or inferences contained in Paragraph 88.

89.     Defendants Portillo Companies and IDB are subject to the overtime requirements of the MWHL because they are employers under Md. Code Ann., Lab. & Empl. § 3-401(b).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegation contained in this paragraph that Defendants Portillo Companies and IDB are "employers" as the term is used in the MWHL. To the extent a response is required, Jennings denies the allegations in Paragraph 89.

90.     During all relevant times, Plaintiff and the MD Overtime Class Members were covered employees entitled to the above-described MWHL protections. Md. Code Ann., Lab. & Empl. § 3-401 et seq.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph that Plaintiff and/or the putative

Maryland class members are covered employees under the MWHL. To the extent a response is required, Jennings denies the allegations in Paragraph 90.

91.     Defendants Aaron Electric and Priority Power, as a single enterprise and/or single employer and/or joint employer and/or alter ego of each other, and Priority Power as a successor of Aaron Electric, and Defendant Aaron Portillo, as an employer within the meaning of the MWHL, and IDB as a joint employer, failed to compensate Plaintiff and the MD Overtime Class Members at the Overtime Rate for hours worked in excess of forty (40) hours per week, in violation of Md. Code Ann., Lab. & Empl. § 3-415(a).

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding the business relationship between Defendants Aaron Electric and Priority Power, and whether they, together with Defendants Aaron Portillo and IDB have any liability to Plaintiff or the putative Maryland class members under the MWHL. To the extent a response is required, Jennings denies the allegations in Paragraph 91.

92.     Pursuant to Md. Code Ann., Lab. & Empl. § 3-427, employers, such as Defendants Portillo Companies, IDB and Portillo, who fail to pay an employee wages in conformance with the MWHL shall be liable to the employee for the wages that were not paid, interest, and attorneys' fees and costs incurred in recovering the unpaid wages.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Portillo Companies, IDB,

and Aaron Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 92.

**COUNT III – Unpaid Wages**
**Violation of the Maryland Wage Payment and Collection Law**
**(Plaintiff and the Maryland Classes v. Defendants)**

93. All previous paragraphs are incorporated as though fully set forth herein.

**Answer:** Jennings incorporates all of its responses set forth above as if fully restated herein.

94. The Maryland Wage Payment and Collection Law ("MWPCL") provides that an employer is obligated to pay all wages due to its employees, including overtime compensation due under law. *See* Md. Code, Lab. & Empl. Art., §§ 3-501, 3-502, 3-505.

**Answer:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Jennings states that statutory text of the MWPCL speaks for itself and denies any allegations or inferences contained in Paragraph 94.

95. At all times relevant to this Complaint, Defendants Portillo Companies and IDB were subject to the wage payment requirements of the MWPCL because they are employers within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art., § 3-501.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegation contained in this paragraph that Defendants Portillo Companies and IDB subject to the requirements of the MWHL. To the extent a response is required, Jennings denies the allegations in Paragraph 95.

96. Plaintiff and the members of the Maryland Classes were employees entitled to the protections of the of the MWPCL.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the

truth or falsity of the allegations contained in this paragraph that Plaintiff and/or the putative Maryland class members are covered employees under the MWHL. To the extent a response is required, Jennings denies the allegations in Paragraph 96.

97. Defendants Portillo Companies, IDB and Portillo failed to compensate Plaintiff and the MD Overtime Class Members overtime wages for hours worked over forty (40) in a workweek, in violation of the MWPCL.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Defendants Portillo Companies, IDB, and Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 97.

98. Defendants Portillo Companies, IDB and Portillo also failed to compensate Plaintiff and the MWPCL Class Members their final four (4) weeks of pay, in violation of the MWPCL. More than two (2) weeks have passed since Plaintiff's and the MWPCL Class Members' last paychecks were due.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Defendants Portillo Companies, IDB, and Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 98.

99. Defendants Aaron Electric and Priority Power, as a single enterprise and/or single employer and/or joint employer and/or alter ego of each other, and/or Priority Power as a successor of Aaron Electric, and Defendant Aaron Portillo, as an employer within the meaning of the

MWPCL, and IDB as a joint employer, failed to compensate Plaintiff and the MD Overtime Class Members at the Overtime Rate for hours worked in excess of forty (40) hours per week, and failed to pay Plaintiff and the MWPCL their final four (4) weeks of wages, in violation of the MWPCL.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding the business relationship between Defendants Aaron Electric and Priority Power, and whether they, together with Defendants Aaron Portillo and IDB have any liability to Plaintiff or the putative Maryland class members under the MWPCL. To the extent a response is required, Jennings denies the allegations in Paragraph 99.

100. As a result of not receiving his final four (4) weeks of wages, Plaintiff suffered consequential damages, including pulling money from his savings account in order to pay his bills. Upon information and belief, MWPCL Class Members similarly suffered consequential damages.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph that either Plaintiff or any member of the putative MWPCL class suffered any damages. To the extent a response is required, Jennings denies the allegations in Paragraph 100.

101. Defendants Portillo Companies, IDB and Portillo have intentionally failed to pay the wages due under the MWPCL, including overtime compensation, in violation of Md. Code, Lab. & Empl. Art., §§ 3-502, 3-505.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the

truth or falsity of the allegations contained in this paragraph relating to Defendants Portillo Companies', IDB's, or Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 101.

102.     Defendants Portillo Companies and Portillo were not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff's wages that concern this lawsuit.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph that Defendants Portillo Companies or Portillo withheld or diverted Plaintiff's wages. To the extent a response is required, Jennings denies the allegations in Paragraph 102.

103.     Defendants Portillo Companies and Portillo did not have written authorization from Plaintiff to withhold, divert or deduct any portion of his wages that concern this lawsuit.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Defendants Portillo Companies' or Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 103.

104.     Pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2, employers such as Defendants Portillo Companies, IDB and Portillo, who fail to pay an employee wages in conformance with the MWPCL, shall be liable to the employee for the unpaid wages or expenses that were not paid, liquidated damages of two times (2x) all unpaid wages, plus the court costs and attorney's fees incurred in recovering the unpaid wages.

**Answer:** This paragraph contains legal conclusions to which no response is required. Furthermore, Jennings lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained in this paragraph regarding Portillo Companies', IDB's, and Aaron Portillo's pay practices. To the extent a response is required, Jennings denies the allegations in Paragraph 104.

105. Pursuant to Md. Code, Lab. & Empl. §§ 3-507.2(c), Defendants LFJ and IDB, as a higher-tiered construction contractors of Aaron Electric performing construction services within the meaning of Md. Code, Lab. & Empl. §§ 3-507.2(c) and 3-901, are liable to Plaintiff and the Maryland Classes for Defendant Aaron Electric's violations of the MWPCL described herein, in an amount equal to the unpaid wages, interest, liquidated damages equal to two time (2x) the unpaid wages, plus attorneys' fees and costs incurred in recovering the unpaid wages.

**Answer:** Jennings denies the allegations in Paragraph 105.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief individually, and on behalf of all others similarly situated:

    a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective Members;

    c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Maryland Classes;

    d. All unpaid wages, including unpaid overtime wages, and prejudgment interest, to the fullest extent permitted under the law;

    e. Liquidated damages and penalties to the fullest extent permitted under the law;

    f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

**Answer:** The allegations in the unnumbered Prayer for Relief section are legal conclusions to which no answer is required. To the extent a response is required, Jennings denies the allegations therein and denies Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Jennings asserts the following affirmative and other defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.

1.      Plaintiff's Complaint fails to state a claim for which relief can be granted as a matter of law, fact, or both.

2.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

3.      To the extent Plaintiff seeks compensatory, liquidated, or punitive damages, his claims are barred because Jennings did not engage in conduct that would rise to the requisite level to sustain an award of compensatory, liquidated, or punitive damages.

4.      Plaintiff's claims are barred or reduced by his failure to mitigate any alleged damages, his failure to suffer actual damages, or his inability to prove actual damages.

5.      Plaintiff has not suffered any legally cognizable damages.

6.      Plaintiff's claims for relief are barred to the extent he seeks damages in excess of the limits imposed by applicable law.

7.      At all times relevant hereto, Jennings has acted in good faith and has not violated any rights that may be secured to Plaintiff under any agreement or any federal, state, or local laws, rules, regulations, or guidelines.

8. Jennings did not know, and had no reason to know, that Defendants Aaron L. Portillo, Priority Power, Inc., Aaron Electric, Inc., or Integrated Design Build, Inc. f/k/a D&R Electric, Inc. allegedly violated Plaintiff's rights under federal, state, or local wage and hour laws.

9. Plaintiff's claims are barred by the doctrines of unclean hands.

10. Jennings reserves the right to rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise. Jennings expressly reserves the right to amend its Answer, to assert different or additional defenses, or otherwise amend any of its denials or averments.

FOR THESE REASONS, Jennings, having fully answered each and every allegation contained in Plaintiff's Complaint, respectfully requests that this Court enter judgment in Jennings' favor, dismiss Plaintiff's Complaint with prejudice and award Jennings its costs, attorneys' fees, and all other relief to which it may be entitled or for which the Court deems just and proper.

## DEFENDANT/CROSSCLAIM-PLAINTIFF L.F. JENNINGS, INC.'S CROSSCLAIMS

Defendant/Crossclaim-Plaintiff L.F. Jennings, Inc. ("Jennings" or "Contractor"), by and through counsel, hereby submits these Crossclaims against Defendants/Crossclaim-Defendants Integrated Design Build, Inc. f/k/a D&R Electric, Inc. ("IDB" or "Subcontractor"); Aaron Electric, Inc. ("Aaron Electric"); and Priority Power, Inc. ("Priority Power", together with Aaron Electric ("Sub-subcontractors") for statutory indemnity and negligent misrepresentation. In further support, Jennings states as follows:

1.      On or about February 1, 2022, Jennings and IDB entered into Subcontract No. M21002-0-033 (the "Subcontract"), to perform work on the Yard 56 Mixed-Use Project located at 5501 Eastern Ave., Baltimore, MD 21224 (the "Project").

2.      Jennings subcontracted with IDB to "furnish and install all work required to provide complete and fully functional electrical systems and fire alarm systems for the Project including, but not limited to, the building, precast garage, all exterior/site electrical work, and all other electrical work".

3.      The Subcontract contained the following indemnification provision in Article 17:

> Subcontractor agrees to defend, indemnify and hold harmless Contractor . . . from and against any claim, demand, cause of action, injury, loss, cost, damages, or liability of whatever kind or nature (including, without limitation, court costs and reasonable attorney's fees) from injury or death of any person or damage to any property arising from or in connection with the Work.

4.      Thereafter, IDB sub-subcontracted with Aaron Electric to perform work at the Project.

5.      At all relevant times, Aaron Electric and Priority Power constituted a joint enterprise and were, for all practical purposes, the same entity.

6. Both Aaron Electric and Priority Power were owned, operated, and managed by the same individual, Aaron L. Portillo. Portillo was responsible for employee, human resources, and payroll policies at both companies.

7. Priority Power and Aaron Electric share the same offices in Greenbelt, Maryland.

8. Priority Power and Aaron Electric are in the same line of business, electrical construction and installation services, and serve the same or similar customers.

9. Priority Power and Aaron Electric shared the same employees.

10. Priority Power and Aaron Electric were functionally integrated. They used the same or similar construction equipment, tools, and management personnel. They both exhibited common ownership and control. Therefore, they constitute a single enterprise.

11. Alternatively, Aaron Electric is the alter-ego of Priority Power, in that Portillo created Aaron Electric to perform the same services as Priority Power, but to fictitiously shield Priority Power from any legal liability that might arise out of Aaron Electric's operations.

12. Aaron Electric may not have the ability to pay any judgment awarded in this action. Upon information and belief, Aaron Electric is no longer a functioning business.

13. Priority Power is liable for Aaron Electric's negligent misrepresentations, and for Aaron Electric's statutory indemnification obligations, because Aaron Electric was, at all times, a mere alter-ego of Priority Power.

14. Alternatively, Priority Power is a successor of Aaron Electric, liable for all of the latter's liabilities.

15. Throughout the course of the Project, IDB represented to Jennings that it, and all of its subcontractors, complied with all applicable wage and hour laws, as they applied to Plaintiff and the putative collective and class members.

16.     On or about October 13, 2023, IDB executed a Subcontractors Partial Release of Lien where, as consideration for Jennings' payment to IDB of $87,627.81, IDB covenanted that "all laborers, materialmen, sub-subcontractors and the like, employed, used or contracted by Subcontractor in connection with the construction of the Project have been fully paid, and Subcontractor shall indemnify . . . Contractor from any claims therefore, including . . . Contractor's reasonable attorney fees incurred to defend against them."

17.     IDB has failed to indemnify and hold Jennings harmless. IDB is, therefore, in breach of the Subcontract.

18.     Additionally, the Sub-subcontractors (Aaron Electric and Priority Power), which directly employed Plaintiff and the putative collective and class members, also represented to Jennings that they had complied with all applicable wage and hour laws.

19.     On or about May 12, 2023, in consideration of payment from Jennings for all work they performed, Sub-subcontractors executed a lien release wherein they represented to Jennings "that all costs that Sub-subcontractor/Supplier has incurred and bills that Sub-subcontractor/Supplier owes to others for materials supplied and labor performed on the Project have been fully paid".

20.     In his Complaint, Plaintiff alleges that he was a direct employee of Sub-subcontractors, and that Sub-subcontractors failed to timely pay his wages and overtime.

21.     These allegations directly controvert the representations made to Jennings by IDB, Aaron Electric, and Priority Power that all labor had been properly compensated.

22.     As a result of Plaintiff's Complaint, Jennings has suffered actual losses including incurring attorney's fees and costs.  IDB, Aaron Electric, and Priority Power are, therefore, liable

to Jennings for statutory indemnification and/or contractual indemnification, defense, and/or contribution for the cost of Jennings' defense against Plaintiff's Complaint.

23.     Additionally, if this litigation results in any liability to Plaintiff on Jennings' part, whether by way of judgment or settlement, then IDB, Aaron Electric, and Priority Power shall be liable, to the greatest extent permitted by law, to Jennings for statutory indemnification and/or contractual indemnification, defense, and/or contribution for the cost of Jennings' defense against Plaintiff's Complaint.

24.     Furthermore, Jennings justifiably relied upon IDB's, Aaron Electric's, and Priority Power's representations that they were properly compensating their employees for all wages owed on the Project.

25.     These representations by were made negligently and with the knowledge that Jennings would rely upon them.

26.     Jennings has incurred pecuniary losses as a result of IDB's, Aaron Electric's, and Priority Power's false representations, including but not limited to the attorneys' fees and costs incurred to defend this action and any amounts for which Jennings must pay as a result of any award to Plaintiff or settlement of this action.

### COUNT I
### CONTRACTUAL INDEMNITY
Jennings v. IDB

27.     Jennings incorporates paragraphs 1-26 above as if fully set forth herein.

28.     The Subcontract is an enforceable contract between Jennings and IDB.

29.     Jennings has fulfilled all of its obligations under the Subcontract.

30.     As further described above, the Subcontract requires IDB to defend, indemnify, and hold Jennings harmless against all damages, claims, actions, liabilities, fines, assessments, and

expenses, including reasonable attorneys' fees and costs, that arose out of, were connected with, or incident to, the work performed by IDB, or any subcontractor of IDB, on the Project.

31.     IDB breached the Subcontract as recounted above.

32.     This breach has caused Jennings to incur damages, liabilities, costs, and expenses, including attorneys' fees, for which IDB is bound to indemnify Jennings.

WHEREFORE, L.F. Jennings, Inc. respectfully requests that this Court enter judgment in its favor and against Defendant/Crossclaim-Defendant Integrated Design Build, Inc. f/k/a D&R Electric, Inc. in its entirety; award L.F. Jennings, Inc. the reasonable attorneys' fees and costs incurred (to date and in the future) in defending against Plaintiff's Complaint and pursuing these Crossclaims; hold Defendant/Crossclaim-Defendant Integrated Design Build, Inc. f/k/a D&R Electric, Inc. liable for indemnification to the extent that L.F. Jennings, Inc. is found liable to Plaintiff; and grant such other and further relief as the Court may deem just and proper.

## COUNT II
## NEGLIGENT MISREPRESENTATION
Jennings v. IDB, Aaron Electric, and Priority Power

33.     Jennings incorporates paragraphs 1-32 above as if fully set forth herein.

34.     IDB, Aaron Electric, and Priority Power are companies involved in the construction industry focusing on the business of installing electrical systems.

35.     As described above, Jennings subcontracted with IDB. IDB, in turn, subcontracted with Aaron Electric and Priority Power.

36.     As described above, IDB, Aaron Electric, and Priority Power each made false representations to Jennings in an attempt to assure Jennings that they were complying with all applicable laws, including the wage and hour laws at issue in Plaintiff's Complaint.

37.     These false representations were either intentional, and made with the purpose of deceiving Jennings, or were due to the failure to exercise reasonable care or competence in obtaining and communicating the information.

38.     Jennings justifiably relied upon IDB's, Aaron Electric's, and Priority Power's representations that they had properly compensated all workers at the Project.

39.     Jennings has incurred pecuniary losses as a result of these false representations.

WHEREFORE, L.F. Jennings, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants/Crossclaim-Defendants Integrated Design Build, Inc. f/k/a D&R Electric, Inc.; Aaron Electric, Inc.; and Priority Power, Inc. in its entirety; award L.F. Jennings, Inc. the reasonable attorneys' fees and costs incurred (to date and in the future) in defending against Plaintiff's Complaint and pursuing these Crossclaims; hold Defendants/Crossclaim-Defendants Integrated Design Build, Inc. f/k/a D&R Electric, Inc.; Aaron Electric, Inc.; and Priority Power, Inc. liable for indemnification to the extent that L.F. Jennings, Inc. is found liable to Plaintiff; and grant such other and further relief as the Court may deem just and proper.

**COUNT III**
**STATUTORY INDEMNIFICATION**
(Md. Code Ann., Lab. & Empl. § 3-507.2(c))
Jennings v. IDB, Aaron Electric, and Priority Power

40.     Jennings incorporates paragraphs 1-39 above as if fully set forth herein.

41.     As described above, the Project at issue in this action was a project for construction services, as defined pursuant to Md. Code Ann., Lab. & Empl. ("MWPCL") § 3-507.2(c)(1).

42.     As described above, Jennings was the general contractor on this Project. IDB, Aaron Electric, and Priority Power were all subcontractors on the same Project.

43.     As described above, Aaron Electric and Priority Power functioned as a single entity and directly employed Plaintiff.

44.     Plaintiff brought this action under MWPCL § 3-507.2(a) for Aaron Electric and Priority Power's alleged failure to pay wages and overtime wages.

45.     Pursuant to MWPCL § 3-507.2(c)(2), therefore, Jennings may be found jointly and severally liable for Aaron Electric and Priority Power's alleged failure to pay wages and overtime wages.

46.     Pursuant to MWPCL § 3-507.2(c)(3)(i), any subcontractor shall indemnify the general contractor for any wages, damages, penalties, or attorney's fees owed.

47.     Accordingly, pursuant to the MWPCL, IDB, Aaron Electric, and Priority Power are statutorily bound to indemnify Jennings for wages, damages, penalties, attorney's fees, or other costs or expenses it incurs as a result of Plaintiff's Complaint for unpaid wages.

WHEREFORE, L.F. Jennings, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants/Crossclaim-Defendants Integrated Design Build, Inc. f/k/a D&R Electric, Inc.; Aaron Electric, Inc.; and Priority Power, Inc. in its entirety; award L.F. Jennings, Inc. the reasonable attorneys' fees and costs incurred (to date and in the future) in defending against Plaintiff's Complaint and pursuing these Crossclaims; hold Defendants/Crossclaim-Defendants Integrated Design Build, Inc. f/k/a D&R Electric, Inc.; Aaron Electric, Inc.; and Priority Power, Inc. liable for indemnification to the extent that L.F. Jennings, Inc. is found liable to Plaintiff; and grant such other and further relief as the Court may deem just and proper

Dated:  December 1, 2023                             Respectfully submitted,

                                                    **JACKSON LEWIS P.C.**

                                                    */s/ Matthew F. Nieman*
                                                    Matthew F. Nieman (Bar No. 17558)
                                                    Roy Lyford-Pike (Bar No. 19836)
                                                    10701 Parkridge Blvd., Suite 300
                                                    Reston, VA 20191
                                                    (703) 483-8300 (Telephone)

(703) 483-8301 (Facsimile)
matthew.nieman@jacksonlewis.com
roy.lyford-pike@jacksonlewis.com

***Counsel for Defendant L.F. Jennings, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 1st day of December, 2023, a copy

of the foregoing was served upon all parties through their counsel of record via this court's

CM/ECF system, and delivered to:

James E. Goodley, Esq.
Ryan P. McCarthy, Esq.
Goodley McCarthy LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Plaintiff*

Charles Chukwuweike Iweanoge, Esq.
Iweanoge Law Center
1026 Monroe St., NE
Washington, DC 200017

*Counsel for Defendants/Crossclaim Defendants*
*Aaron Electric, Inc. and Priority Power, Inc.; and*
*Defendant Aaron L. Portillo*

Jesse S. Keene, Esq.
Stephen M. Seeger, Esq.
Cozen O'Connor PC
1200 19th St., NW
Washington, DC 20036

*Counsel for Defendant/Crossclaim-Defendant*
*Integrated Design Build, Inc.*

*/s/ Matthew F. Nieman*     <br>Matthew F. Nieman    