**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JUAN PEREZ, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 8:23-cv-02778-DKC** |
| **INTEGRATED DESIGN BUILD, INC.**<br>**f/k/a D&R ELECTRIC, INC. et al.** | |
| **Defendants.** | |

**DEFENDANT INTEGRATED DESIGN BUILD, INC.'S
ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT AND CROSS-
CLAIM AGAINST AARON ELECTRIC, INC.**

Defendant Integrated Design Build, Inc. ("Integrated"), by and through undersigned counsel, hereby submits its Answer to the Plaintiffs' Class and Collective Action Complaint (the "Complaint") and Cross-claim against Aaron Electric, Inc. ("Aaron") and states as follows:

**INTRODUCTION**

Plaintiffs' introductory paragraph does not contain factual allegations which require a response. To the extent an answer is required, Integrated denies the allegations.

**JURISDICTION AND VENUE**

1.  The allegations in Paragraph 1 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

2.  The allegations in Paragraph 2 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

**PARTIES**

3.  Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

1

4.      Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

5.      Admit.

6.      Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

7.      Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

8.      Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

9.      Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

10.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

11.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

12.     The allegations in Paragraph 12 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

13.     The allegations in Paragraph 13 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

14.     The allegations in Paragraph 14 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

15.    Integrated admits that it had an annual gross volume of business in excess of $500,000 per year during the relevant time period. Integrated is without sufficient knowledge or information to form a belief as to the truth as to the remaining allegations; therefore, deny.

16.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny. The remaining averments call for legal conclusions to which no response is required. To the extent a response is required, denied.

## CLASS DEFINITIONS

17.    The allegations in Paragraph 17 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

18.    The allegations in Paragraph 18 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

19.    The allegations in Paragraph 19 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

20.    The allegations in Paragraph 20 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

21.    The allegations in Paragraph 21 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

22.    Paragraph 22 alleges no facts which require a response. To the extent a response is required, Integrated denies the same.

23.    Paragraph 23 alleges no facts which require a response. To the extent a response is required, Integrated denies the same.

24.    Paragraph 24 alleges no facts which require a response. To the extent a response is required, Integrated denies the same.

## FACTS

25.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

26.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

27.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

28.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny. The allegation that IDB was a "joint employer" of the Class Members is a legal conclusion to which no response is required. To the extent a response is required, denied.

29.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

30.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

31.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

32.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

33.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

34.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

35.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

36.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

37.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

38.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

39.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

40.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

41.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

42.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

43.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

44.     Integrated admits only that L.F. Jennings acted as the general contractor on the Yard 56 mixed use development in Baltimore, Maryland. Otherwise, Integrated is without sufficient knowledge or information to form a belief as to the truth as to the remaining allegations; therefore, deny.

45.    Integrated admits only that James G. Davis Construction Corporation acted as the general contractor on the Benchmark Senior Living development in Alexandria, Virginia. Otherwise, Integrated is without sufficient knowledge or information to form a belief as to the truth as to the remaining allegations; therefore, deny.

46.    Integrated admits only that David E. Harvey Builders, Inc. acted as the general contractor on the Crosby apartments in the District of Columbia. Otherwise, Integrated is without sufficient knowledge or information to form a belief as to the truth as to the remaining allegations; therefore, deny.

47.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

48.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

49.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

50.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

51.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

52.    Integrated admits only that L.F. Jennings acted as the general contractor on the Yard 56 mixed use development in Baltimore, Maryland. Otherwise, Integrated is without sufficient knowledge or information to form a belief as to the truth as to the remaining allegations; therefore, deny.

53.     The allegations in Paragraph 53 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

54.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

55.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

56.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

57.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

58.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

59.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

60.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

61.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

62.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

63.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

64.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

65.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

66.    The allegations in Paragraph 66 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

67.    The allegations in Paragraph 67 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

68.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

69.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

70.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

71.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

72.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

73.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny. The remaining averments call for legal conclusions to which no response is required. To the extent a response is required, denied.

74.    The allegations in Paragraph 74 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

75.     The allegations in Paragraph 75 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

76.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

77.     The allegations in Paragraph 77 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

78.     The allegations in Paragraph 78 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

79.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

80.     The allegations in Paragraph 80 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

81.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

82.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

83.     Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

## **COLLECTIVE ACTION ALLEGATIONS**

84.     The allegations in Paragraph 84 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

85.     Paragraph 85 alleges no facts which require a response. To the extent a response is required, Integrated denies the same.

86.    The allegations in Paragraph 86 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

87.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

88.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

## CLASS ACTION ALLEGATIONS

89.    The allegations in Paragraph 89 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

90.    Deny.

91.    The allegations in Paragraph 91 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

92.    The allegations in Paragraph 92 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

93.    The allegations in Paragraph 93 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

94.    The allegations in Paragraph 94 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

95.    The allegations in Paragraph 95 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

96.    The allegations in Paragraph 96 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

97.    Deny.

## COUNT I – UNPAID OVERTIME
### Violations of the Fair Labor Standards Act
### (Plaintiff and the FLSA Collective v. Aaron Electric, Priority Power, IDB and Portillo)

98.    Integrated incorporates its responses to Paragraphs 1 through 97 as if set forth fully herein.

99.    The allegations in Paragraph 99 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

100.    The allegations in Paragraph 100 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

101.    The allegations in Paragraph 101 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

102.    The allegations in Paragraph 102 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

103.    The allegations in Paragraph 103 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

104.    Deny.

105.    Deny.

106.    Deny.

107.    Deny.

108.    The allegations in Paragraph 108 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

## COUNT II – UNPAID OVERTIME
### Violations of the Maryland Wage and Hour Law
### (Plaintiff and MD Overtime Class v. Aaron Electric, Priority Power, IDB, Portillo, and LFJ)

109.    Integrated incorporates its responses to Paragraphs 1 through 108 as if set forth fully herein.

110.    The allegations in Paragraph 110 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

111.    The allegations in Paragraph 111 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

112.    The allegations in Paragraph 112 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

113.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny. The remaining averments call for legal conclusions to which no response is required. To the extent a response is required, denied.

114.    The allegations in Paragraph 114 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

115.    The allegations in Paragraph 115 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

### COUNT III – UNPAID WAGES
### Violation of the Maryland Wage Payment and Collection Law
### (Plaintiff and the Maryland Classes v. Portillo Companies, IDB, Portillo and LFJ)

116.    Integrated incorporates its responses to Paragraphs 1 through 115 as if set forth fully herein.

117.    The allegations in Paragraph 117 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

118.    The allegations in Paragraph 118 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

119.    The allegations in Paragraph 119 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

120.    Deny.

121.    Deny.

122.    Deny.

123.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

124.    Deny.

125.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

126.    Integrated is without sufficient knowledge or information to form a belief as to the truth as to the allegations; therefore, deny.

127.    The allegations in Paragraph 127 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

128.    The allegations in Paragraph 128 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

### COUNT IV – UNPAID OVERTIME
### Violation of the D.C. Minimum Wage Act
### (Plaintiffs and the DC Class v. Portillo Companies, Portillo, IDB and Harvey Builders)

129.    Integrated incorporates its responses to Paragraphs 1 through 128 as if set forth fully herein.

130.    The allegations in Paragraph 130 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

131.    Deny.

132.    The allegations in Paragraph 132 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

133.    The allegations in Paragraph 133 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

134.    The allegations in Paragraph 134 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

### COUNT V – UNPAID OVERTIME
### Violation of the Virginia Overtime Wage Act
### (Plaintiffs and the DC Class v. Portillo Companies, Portillo, IDB and Davis Construction)

135.    Integrated incorporates its responses to Paragraphs 1 through 134 as if set forth fully herein.

136.    The allegations in Paragraph 136 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

137.    The allegations in Paragraph 137 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

138.    Deny.

139.    The allegations in Paragraph 139 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

140.    The allegations in Paragraph 140 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

141.    The allegations in Paragraph 141 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, denied.

### **AFFIRMATIVE DEFENSES**

1.    Integrated generally denies liability and demands strict proof thereof.

2.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3.      Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiffs' claims may be barred, in whole or in part, by estoppel.

5.      Plaintiffs' claims may be barred, in whole or in part, by laches.

6.      Plaintiffs' claims may be barred, in whole or in part, by the doctrines of accord, satisfaction, payment, and/or release.

7.      Plaintiffs' claims may be barred, in whole or in part, by the Portal-to-Portal Defense.

8.      Plaintiffs' claims may be barred, in whole or in part, because Defendant's actions at all times were not willful, knowing, reckless, or negligent.

9.      Integrated may not be indebted to Plaintiffs as alleged in the Complaint.

10.     Plaintiffs' claims may be barred, in whole or in part, because Plaintiff is not a proper representative of the class he purports to represent.

11.     Plaintiffs' claims may be barred, in whole or in part, because the putative plaintiffs are not similarly situated.

12.     Integrated reserves its right to amend these Affirmative Defenses as facts become known to it during discovery in this matter.

WHEREFORE, having fully answered the Class and Collective Action Complaint, Integrated Design Build, Inc. requests that the Court enter judgment in its favor and against the Plaintiff and the various alleged classes, that Plaintiff and the classes take nothing thereby, and that

Integrated be awarded its costs and attorneys' fees incurred in the defense of this action, plus all other relief the Court deems fair and equitable.

## CROSS-CLAIM AGAINST AARON ELECTRIC, INC.

Integrated Design Build, Inc. ("Integrated"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 7, 8, and 13(a), asserts this crossclaim against defendant/crossclaim plaintiff Aaron Electric, Inc. ("Aaron"), and states the following:

## PARTIES

1. Integrated is a corporation organized and existing under the laws of Maryland.

2. Aaron is a corporation organized and existing under the laws of Maryland with its principal place of business at 5013 Boydell Avenue, Oxon Hill, Maryland 20745.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1367(a) because Integrated's crossclaims against Aaron are so related to the plaintiffs' claims and defendant Aaron's crossclaims against Integrated as to form part of the same case or controversy.

4. Jurisdiction and venue further are proper in this Court because Aaron conducts business in Maryland, including with respect to transactions at issue in this matter.

## FACTS

### A.  The Subcontracts

5. In 2022, Integrated entered into written subcontracts with Aaron for work on several different construction projects in the greater Washington-Baltimore Metropolitan region.

6. On or about June 9, 2022, Integrated entered into a written subcontract with Aaron, pursuant to which Aaron was responsible for the provision of labor, materials, and equipment for the performance and installation of the electrical scope of work for a construction project located

at 300 K St. NW, Washington, DC 20001 ("300K" or "Crosby"). A copy of the 300K Subcontract is attached to this Crossclaim as Exhibit A.

7.      On or about June 9, 2022, Integrated entered into a written subcontract with Aaron pursuant to which Aaron was responsible for the provision of labor, materials, and equipment for the performance and installation of the electrical scope of work for a construction project called Benchmark Senior Living ("Benchmark"), located at 3440 Berkley St., Alexandria, VA 22302. A copy of the Benchmark Subcontract is attached to this Crossclaim as Exhibit B.

8.      On or about June 9, 2022, Integrated entered into a written subcontract with Aaron pursuant to which Aaron was responsible for the provision of labor, materials, and equipment for the performance and installation of the electrical scope of work for a construction project called Yard 56 Mixed-Use ("Yard 56"), located at 5501 Eastern Avenue, Washington, DC 20001. A copy of the Yard 56 Subcontract is attached to this Crossclaim as Exhibit C.

9.      Aaron agreed to "perform the Subcontract Work under the direction of the Contractor and to the satisfaction of Contractor, Owner and any specified representative of the Owner" and to "provide and pay for all labor, regardless of craft or jurisdiction…and to perform the Subcontract Work in strict conformity with the Contract Documents." Ex. A-C, Art. 2.2.

10.      Progress Payments to Aaron for Work performed under the Subcontracts were expressly conditioned on Integrated first receiving payment from the respective Project General Contractor (i.e., the entity with whom Integrated entered into the subcontracts). As Article 3.2 provides: "Payment by the General Contractor to [Integrated] for Work performed by [Aaron] shall be a condition precedent to payment by [Integrated] to [Aaron]." *See* Ex. A-C, Art. 3.2.

11.      Pursuant to Article 13.1 of the Subcontracts, Aaron was required to comply with "all Federal, State, and local laws applicable to the performance of this Subcontract, including but

not limited to, Social Security Laws and Unemployment Compensation Laws, **Workers'**
**Compensation Laws** and Safety Laws." (emphasis added). *See* Ex. A-C, Art. 13.1.

12.     Subcontract Article 13.1 further provided that Aaron is required to "indemnify and
save harmless [Integrated] from all costs, damages, penalties, legal expenses and attorney's fees
and the other charges to which [Integrated] may be subjected by reason of the failure of [Aaron]
to comply with this section." *See* Ex. A-C, Art. 13.1.

13.     Aaron's indemnity duty related to its failure to comply with employee
compensation laws is broad and unlimited. Subcontract Article 12.4 provides that:

> In any and all claims against [Integrated] or any of its agents or
> employees by any employee of [Aaron], anyone directly or
> indirectly employed by it or anyone whose acts it may be liable, the
> indemnification obligation under this Section 12 shall not be limited
> in any way by any limitation on the amount or type of damages,
> compensation or benefits payable by or for [Aaron] under Workers'
> Compensation acts, disability benefit acts or other employee
> benefits acts.

14.     In addition to its indemnity duty arising out of failure to properly compensate its
employees, Aaron is required to indemnify Integrated against any damages suffered by Integrated
arising out of Aaron's Subcontract performance. In pertinent part, Article 12.2 provides as follows:

> [Aaron] assumes full liability for any and all damages, death or
> injury of any kind to all person(s), whether employees or
> otherwise . . . arising out of or in any way connected with its Work
> and shall to the fullest extent permitted by law and shall indemnify,
> defend, protect and hold harmless [Integrated], its officers, directors,
> agents or employees of any of them . . . from and against all claims,
> damages, losses and expenses, including but not limited to
> attorneys' fees, experts' fees and consultants' fees, arising out of or
> resulting from performance of the Subcontract Work.

15.     The Subcontract also sets forth remedies available to Integrated in the event that
Aaron failed in its performance of its Work. Subcontract Article 4.11 provides in pertinent part:

> Should the progress of the Subcontract Work or of the Project be
> delayed, disrupted, hindered, obstructed, or interfered with by any

18

fault or neglect or act or failure to act of the Subcontractor…so as to cause any additional cost, expense, liability or damage to Contractor or to the Owner or any damages or additional costs or expenses for which Contractor…may or shall become liable, Contractor shall provide the Subcontractor with a written Notice of Default.

. . .

If the Subcontractor fails to cure this default within forty-eight (48) hours of receipt of Contractor's Notice of Default, the Subcontractor…shall and do hereby agree to compensate Contractor and the Owner for and indemnify them against all such costs, expenses, damages and liability.

16.     If Aaron fails to cure a default as required, the Subcontract provides Integrated with certain rights and remedies, including termination. First, Article 10.1 of the Subcontract provides:

Should Subcontractor fail in the sole opinion of Contractor at any time to supply a sufficient number of properly skilled workmen or sufficient materials and equipment of the proper quality, or fail in any respect to prosecute the Work with promptness and diligence, or fail to correct defective work promptly or fail in the performance of any of the requirements herein, the Subcontractor shall be deemed to be in default under this Agreement, and Contractor may, at its sole option, provide such labor, materials and equipment and deduct the cost thereof, including overhead and profit, together with all loss, damage, and expense, including attorney's fees occasioned thereby, from any money then due or thereafter to become due to the Subcontractor.

17.     Second, Article 10.2 of the Subcontract provides:

If Subcontractor at any time shall refuse or neglect to supply sufficient properly skilled workmen, or materials or equipment of the proper quality and quantity, or fail in any respect to prosecute the Work with promptness and diligence, or cause by any action or omission the stoppage or interference with the work of Contractor or other subcontractors, or fail in the performance of any of the covenants herein contained, or be unable to meet its debts as they mature, the Subcontractor shall be considered in default, and Contractor may, at its sole option, at any time after serving written notice of such default with direction to cure the default, terminate Subcontractor's employment by delivering written notice of termination to Subcontractor.

18.     Pursuant to Subcontract Article 10.3, Aaron is not entitled to receive any further payments in the event of its default termination from a Project.

19.     Additionally, Article 10.2 of the Subcontract entitles Integrated to complete Aaron's Work:

> on such terms and conditions as shall be deemed necessary, and shall deduct the cost thereof, including all overhead, profit, charges, expenses, losses, costs, damages and attorney's fees, incurred as a result of Subcontractor's failure to perform, from any money then due thereafter to become due to Subcontractor.

**B.   Aaron materially breaches and is default terminated from the 300 K Project, causing Integrated significant damages to complete Aaron's work.**

20.     During the performance of the 300K subcontract, Aaron repeatedly and consistently overbilled on the projects in relation to actual work completed.

21.     By late May 2023, in addition to its persistent overbilling on the 300K Project, Aaron began failing to provide adequate manpower to progress its Work.

22.     On or around May 26, 2023, Aaron's employees left the Project due to their payroll checks not clearing their banks; no manpower was onsite to complete the 300K project as scheduled.

23.     That same day, Integrated sent a Notice of Default and Notice to Cure to Aaron as a result of Aaron's workforce's abandonment of the Project.

24.     Integrated repeatedly made good faith efforts to resolve Aaron's defaults, including several letters, telephone calls, and meetings.

25.     On or about May 28, 2023, Integrated provided Aaron further Notice of Default and demanded that it cure its Subcontract breaches.

26.     Aaron did not cure any of its defaults for the 300 K Project.

27.     Accordingly, on June 1, 2023, after Aaron failed to produce any manpower again, and pursuant to Subcontract Articles 10.1 and 10.2, Integrated terminated the 300 K Subcontract for default.

28.     As a result of the termination for default of the 300 K Subcontract, Integrated incurred significant damages to complete Aaron's scope of work, the exact amount to be proven at trial.

**C. Aaron materially breaches and is default terminated from the Benchmark Project, causing Integrated significant damages to complete Aaron's work.**

29.     Like the 300 K Project, Aaron repeatedly and consistently overbilled on the Benchmark Project in relation to actual work completed.

30.     Moreover, Aaron's work on the Benchmark Project consistently took longer than anticipated, threatening Integrated's work on the project. Among the causes of the inefficient and dilatory work was Aaron's failure to adequately staff the project with both laborers and supervisors.

31.     Accordingly, on or around May 28, 2023, Integrated sent a Notice of Default and Notice to Cure to Aaron related to, among other things, Integrated's concerns about Aaron's ability to provide adequate manpower for the Benchmark Project.

32.     That same day, Integrated sent Aaron a Notice of Default addressing Aaron's other Benchmark-specific failings including, but not limited to, Aaron's failure to provide adequate supervision and Aaron's wasteful and inefficient work on the Project, all of which gave Integrated serious concern that Aaron's Work would not be completed and that there was insufficient unpaid Subcontract amounts to adequately protect Integrated.

33.      In that letter and in addition to demanding that Aaron cure its Benchmark Project defaults, Integrated notified Aaron of its intent to withhold Subcontract sums in order to protect Integrated, in accordance with its right under the Subcontracts.

34.      Aaron did not cure any of the aforementioned defaults that were specified in the Notices within the contractual cure period and made no effort to identify for Integrated how it would cure those defaults if given additional time.

35.      Accordingly, on or about June 1, 2023, after Aaron failed to produce any manpower onsite, Integrated default terminated Aaron's Benchmark Subcontract.

36.       As a result of the termination for default of the Benchmark Subcontract, Integrated incurred significant damages in order to complete Aaron's scope of work, in an amount to be proven at trial.

**D. Aaron materially breaches and is default terminated from the Yard 56 Project, causing Integrated significant damages to complete Aaron's work.**

37.      As with its performance on the 300 K and Benchmark Projects, Aaron's performance on the Yard 56 Project was problematic. It consistently failed to supply adequate qualified manpower to prosecute its work in a Subcontract-compliant fashion; it failed to provide adequate supervision for its labor force; and it dragged on its work longer than should have – all of which threatened Integrated's work and the overall Project.

38.      Despite Aaron's struggles, Integrated made efforts to assist Aaron and ensure its ability to complete the Yard 56 Project (and other Projects), including by loaning Aaron $30,000 pursuant to a Promissory Note. To date, Aaron has not repaid the amounts lent under the Promissory Note.

39.      Unfortunately, Aaron's performance did not improve on the Yard 56 Project.

40.     As with the Benchmark and 300 K Projects, on or around May 26, 2023, Integrated sent a Notice of Default and Notice to Cure to Aaron regarding Aaron's failings on the Yard 56 Project and demanded that Aaron cure its defaults immediately.

41.     On or about May 28, 2023, Integrated sent Aaron a follow up letter, again demanding that Aaron cure its defaults.

42.     By June 1, 2023, Aaron had not cured its defaults. Instead, on June 1, Aaron failed to produce any manpower on site willing to perform its Subcontract Work.

43.     On or about June 1, 2023, Integrated terminated Aaron's Yard 56 Subcontract for cause pursuant to Articles 10.1 and 10.2 of the Yard 56 Subcontract.

44.     As a result of the termination for default of the Yard 56 Subcontract, Integrated incurred significant damages to complete Aaron's scope of work in an amount to be proven at trial.

45.     Integrated has satisfied all conditions precedent to maintaining this crossclaim against Aaron Electric.

**COUNT 1**
**BREACH OF CONTRACT**
**(300K Contract)**

46.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

47.     Aaron and Integrated entered into a valid contract, the 300K Subcontract, for the electrical work of the 300K project.

48.     As specified above, Aaron materially breached the 300K Subcontract.

49.     As a direct and proximate result of Aaron's breaches, Integrated has incurred and will continue to incur substantial damages and costs, including the cost to complete the required work, in an amount to be proven at trial, but in no event less than One Hundred Thousand Dollars ($100,000).

## COUNT 2
## BREACH OF CONTRACT
### (Benchmark Subcontract)

50.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

51.    Aaron and Integrated entered into a valid contract, the Benchmark Subcontract, for the electrical work of the Benchmark Project.

52.    As specified above, Aaron materially breached the Benchmark Subcontract.

53.    As a direct and proximate result of Aaron's breaches, Integrated has incurred and will continue to incur substantial damages and costs, including the cost to complete the required work, in an amount to be proven at trial, but in no event less than One Hundred Thousand Dollars ($100,000).

## COUNT 3
## BREACH OF CONTRACT
### (Yard 56 Contract)

54.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

55.    Aaron and Integrated entered into a valid contract, the Yard 56 Subcontract, for the electrical work of the Yard 56 Project.

56.    As specified above, Aaron materially breached the Yard 56 Subcontract.

57.    As a direct and proximate result of Aaron's breaches, Integrated has incurred and will continue to incur substantial damages and costs, including the cost to complete the required work, in an amount to be proven at trial, but in no event less than One Hundred Thousand Dollars ($100,000).

## COUNT 4
## BREACH OF CONTRACT
### (Breach of Promissory Note)

58.    The preceding paragraphs are incorporated by reference as if fully set forth herein.

59.     Pursuant to the terms of a written Promissory Note, which is a valid and enforceable contract, Integrated lent Aaron the sum of $30,000.

60.     Aaron has not repaid the amounts lent to it.

61.     Aaron's failure to repay the amounts lent to it, plus interest and fees (if any) pursuant to the terms of the Promissory Note, constitutes a material breach of the Promissory Note.

62.     As a direct and proximate result of Aaron's material breach of the Promissory Note, Integrated has incurred and will continue to incur damages in the amount of $30,000, plus interest and fees owed (if any) pursuant to the terms of the Promissory Note, plus attorneys' fees and Court costs.

### COUNT 5
### INDEMNITY
### (Aaron Electric Wage Claims)

63.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

64.     Section 12 of each of the Subcontracts requires Aaron to indemnify Integrated against any liability due to claims resulting from performance of the Subcontracts including, but not limited to, Aaron's failures to properly compensate its laborers and employees.

65.     In this action, Plaintiffs named Integrated as a defendant as a result of Aaron's alleged failure to pay Aaron's laborers and employees as required by law for work performed at the Yard 56 Project.

66.     Similarly, Integrated has been named as a crossclaim defendant to L.F. Jennings, Inc. for indemnity arising out of the allegations that Aaron failed to pay its laborers and employees as required by law for work performed at the Yard 56 Project.

67.     To the extent that Integrated is required to pay Plaintiff, other members of the putative class, or L.F. Jennings arising out of or related to Aaron's work for Integrated on the 300K, Benchmark, or Yard 56 Projects, Aaron owes Integrated indemnity on those amounts incurred by Integrated (including attorneys' fees), plus Integrated's costs associated with defending Plaintiffs' allegations including attorneys' fees and costs.

### Prayer for Relief

Wherefore, Integrated Design Build Inc. respectfully requests that the Court enter judgment against Defendant Aaron Electric Inc. in an amount to be proven at trial, but in no event, less than $500,000, plus attorney's fees, pre and post judgment interest, plus additional damages due under the indemnity clauses of the subcontracts which are still accruing as of the filing of this lawsuit, the exact among to be proved and established at trial, and such other and further relief as this Court deems proper and just.

Dated: April 26, 2024                    Respectfully submitted,

                                         */s/ Jesse S. Keene*
                                         Stephen M. Seeger (Bar No. 08986)
                                         Jesse S. Keene (Bar No. 17821)
                                         Cozen O'Connor
                                         1200 19th Street NW
                                         Washington, DC 20036
                                         (T): (202) 747-0793
                                         (T): (202) 747-0795
                                         (F): (202) 540-9724
                                         sseeger@cozen.com
                                         jkeene@cozen.com
                                         *Counsel for Integrated Design Build, Inc., James G. Davis Construction Corporation, and David E. Harvey Builders, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I electronically filed the foregoing with the Court's electronic filing system, which will send notice of such filing to all attorneys of record:

> James E. Goodley
> Ryan P. McCarthy
> Goodley McCarthy LLC
> 1650 Market Street, Suite 3600
> Philadelphia, PA 19103
> james@gmlaborlaw.com
> ryan@gmlaborlaw.com
> *Counsel for Plaintiffs*
>
> Mariusz Kurzyna
> Zipin, Amster & Greenberg, LLC
> 8757 Georgia Avenue, Suite 400
> Silver Spring, MD 20910
> mkurzyna@zagfirm.com
> *Counsel for Plaintiffs*
>
> Charles C. Iweanoge
> THE IWEANOGES' FIRM PC
> IWEANOGE LAW CENTER
> 1026 Monroe Street NE
> Washington, DC 20017
> cci@iweanogesfirm.com
> *Counsel for Defendants and Cross Plaintiffs*
> *Aaron Electric Inc., Priority Power, Inc. and*
> *Pablo A. Portillo Argueta*
>
> Matthew Frederick Nieman
> Jackson Lewis PC
> 10701 Parkridge Blvd, Suite 300
> Reston, VA 20191
> Matthew.nieman@jacksonlewis.com
> *Counsel for Defendant and Cross Plaintiff*
> *L.F. Jennings, Inc.*

*/s/ Jesse S. Keene*
Jesse S. Keene