IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUAN PEREZ, MARIA N. ROQUE GUEVARA, ET AL, individually and on behalf of all others similarly situated<br>Plaintiffs(s)<br>v.<br>INTEGRATED DESIGN BUILD, INC. f/k/a D&R ELECTRIC, INC., ET AL<br>Defendants | Case No.: 8:23-CV-02778 - DKC |

**ANSWER TO COMPLAINT AND CROSSCLAIM AGAINST INTEGRATED DESIGN BUILD, INC.**

COMES NOW, Defendants, Aaron Electric, Inc., Priority Power, Inc., and Aaron L. Portillo ("Defendants"), by and through the undersigned counsel, hereby answer for themselves only the Class Action Complaint ("CAC") filed by Plaintiffs as follows:

**INTRODUCTION**

Answering the unnumbered paragraph of Plaintiffs' CAC, Defendants cannot admit or deny the introductory paragraph of the CAC, and to the extent an answer is required, Defendants deny the allegations in the unnumbered paragraph of the CAC.

**PARTIES AND JURISDICTION**

1. Answering paragraph 1 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 1, and to the extent an answer is required, Defendants deny the allegations in paragraph 1 of the CAC.

2. Answering paragraph 2 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 2, and to the extent an answer is required, Defendants deny the allegations in paragraph 2 of the CAC.

3. Answering paragraph 3 of Plaintiffs' CAC, Defendants lack sufficient

information to admit or deny the allegations in paragraph 3, and to the extent an answer is required, Defendants deny the allegations in paragraph 3 of the CAC.

4. Answering paragraph 4 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 4, and to the extent an answer is required, Defendants deny the allegations in paragraph 4 of the CAC.

5. Answering paragraph 5 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 5, and to the extent an answer is required, Defendants deny the allegations in paragraph 5 of the CAC.

6. Answering paragraph 6 of Plaintiffs' CAC, Defendants admit that allegations in in paragraph 6 of the CAC.

7. Answering paragraph 7 of Plaintiffs' CAC, Defendant Priority Power Inc. admits it is a Maryland corporation and conducts business in the Maryland area but denies the rest of the allegations in 7 of the CAC.

8. Answering paragraph 8 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 8, and to the extent an answer is required, Defendants deny the allegations in paragraph 8 of the CAC.

9. Answering paragraph 9 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 9, and to the extent an answer is required, Defendants deny the allegations in paragraph 9 of the CAC.

10. Answering paragraph 10 of Plaintiffs' CAC, Defendants generally deny the allegations in paragraph 10 of the CAC.

11. Answering paragraph 11 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 11, and to the extent an answer is required, Defendants deny the allegations in paragraph 11 of the CAC.

12. Answering paragraph 12 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 12, and to the extent an answer is required, Defendants deny the allegations in paragraph 12 of the CAC.

13. Answering paragraph 13 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 13, and to the extent an answer is required, Defendants deny the allegations in paragraph 13 of the CAC.

14. Answering paragraph 14 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 14, and to the extent an answer is required, Defendants deny the allegations in paragraph 14 of the CAC.

15. Answering paragraph 15 of Plaintiffs' CAC, Defendants admit that Arron Electric has gross income exceeding $500,000.00 but lack sufficient information to admit or deny the rest of the allegations in paragraph 15, and to the extent an answer is required, Defendants deny the allegations in paragraph 15 of the CAC.

16. Answering paragraph 16 of Plaintiffs' CAC, Defendants lack sufficient information to admit or deny the allegations in paragraph 16, and to the extent an answer is required, Defendants deny the allegations in paragraph 16 of the CAC.

**CLASS DEFINITIONS**

17. Answering paragraph 17 of the Plaintiffs' CAC, the Defendants cannot admit or deny the plaintiffs' class definition because it requires no response, but to the extent a response is required, the Defendants deny the allegations of paragraph 17 of the CAC.

18. Answering paragraph 18 of Plaintiff's CAC, Defendants cannot admit or deny plaintiffs' class definition because it requires no response but to the extent a response is required, Defendants deny the allegations of paragraph 18 of the CAC.

19. Answering paragraph 19 of Plaintiffs' CAC, Defendants cannot admit or

deny plaintiffs' class definition because it requires no response but to the extent a response is required, Defendants deny the allegations of paragraph 19 of the CAC.

20. Answering paragraph 20 of Plaintiffs' CAC, Plaintiffs merely identifies a group which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 20 of the CAC.

21. Answering paragraph 21 of Plaintiff's CAC, Plaintiff merely identifies a group which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 21 of the CAC.

22. Answering paragraph 22 of Plaintiff's CAC, Plaintiff merely identifies a group which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 22 of the CAC.

23. Answering paragraph 23 of Plaintiff's CAC, Plaintiff merely identifies a group which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 23 of the CAC.

24. Answering paragraph 24 of Plaintiff's CAC, Plaintiffs merely reserve the right to redefine classes, which requires no response. Defendants reserve the right to object to the classes.

## CLASS ACTION ALLEGATIONS

## FACTS

25. Defendants admit the allegations of paragraph 25 of the CAC.

26. Defendants deny the allegations of paragraph 26 of the CAC.

27. Defendants deny the allegations of paragraph 27 of the CAC.

28. Defendants deny the allegations of paragraph 28 of the CAC.

29. Defendants deny the allegations of paragraph 29 of the CAC.

30. Defendants deny the allegations of paragraph 30 of the CAC.

31. Defendants deny the allegations of paragraph 31 of the CAC.

32. Defendants deny the allegations of paragraph 32 of the CAC.

33. Defendants deny the allegations of paragraph 33 of the CAC.

34. Defendants deny the allegations of paragraph 34 of the CAC.

35. Defendants deny the allegations of paragraph 35 of the CAC.

36. Defendants deny the allegations of paragraph 36 of the CAC.

37. Defendants deny the allegations of paragraph 37 of the CAC.

38. Defendants deny the allegations of paragraph 38 of the CAC.

39. Defendants deny the allegations of paragraph 39 of the CAC.

40. Defendants deny the allegations of paragraph 40 of the CAC.

41. Defendants deny the allegations of paragraph 41 of the CAC.

42. Defendants deny the allegations of paragraph 42 of the CAC.

43. Defendants admit the allegations of paragraph 43 of the CAC.

39. Defendants deny the allegations of paragraph 39 of the CAC.

40. Defendants deny the allegations of paragraph 40 of the CAC.

41. Defendants deny the allegations of paragraph 41 of the CAC.

42. Defendants deny the allegations of paragraph 42 of the CAC.

43. Defendants deny the allegations of paragraph 43 of the CAC.

44. Defendants admit the allegations of paragraph 44 of the CAC.

45. Defendants deny the allegations of paragraph 45 of the CAC.

46. Defendants admit the allegations of paragraph 46 of the CAC.

47. Defendants deny the allegations of paragraph 47 of the CAC.

48. Defendants admit the allegations of paragraph 48 of the CAC.

49. Defendants admit the allegations of paragraph 49 of the CAC.

50. Defendants deny the allegations of paragraph 50 of the CAC.

51. Defendants deny the allegations of paragraph 51 of the CAC.

52. Defendants deny the allegations of paragraph 52 of the CAC.

53. Defendants deny the allegations of paragraph 53 of the CAC.

54. Defendants deny the allegations of paragraph 54 of the CAC.

55. Defendants deny the allegations of paragraph 55 of the CAC.

56. Defendants deny the allegations of paragraph 56 of the CAC.

57. Defendants deny the allegations of paragraph 57 of the CAC.

58. Defendants admit the allegations of paragraph 58 of the CAC.

59. Defendants deny the allegations of paragraph 59 of the CAC.

60. Defendants admit the e allegations in paragraph 60 as phrased.

61. Defendants deny the allegations of paragraph 61 of the CAC.

62. Defendants admit the allegations of paragraph 62 of the CAC.

63. Defendants deny the allegations of paragraph 63 of the CAC.

64. Defendants admit the allegations of paragraph 64 of the CAC.

65. Defendants admit the allegations of paragraph 65 of the CAC.

66. Defendants deny the allegations of paragraph 66 of the CAC.

67. Defendants deny the allegations of paragraph 67 of the CAC.

68. Defendants deny the allegations of paragraph 68 of the CAC.

69. Defendants deny the allegations of paragraph 69 of the CAC.

70. Defendants deny the allegations of paragraph 70 of the CAC.

71. Defendants admit the allegations of paragraph 71 of the CAC.

72. Defendants deny the allegations of paragraph 72 of the CAC.

73. Defendants deny the allegations of paragraph 73 of the CAC.

74. Defendants deny the allegations of paragraph 74 of the CAC.

75. Defendants admit the allegations of paragraph 75 of the CAC.

76. Defendants admit the allegations of paragraph 76 of the CAC.

77. Defendants deny the allegations of paragraph 77 of the CAC.

78. Defendants deny the allegations of paragraph 78 of the CAC.

79. Defendants deny the allegations of paragraph 79 of the CAC.

80. Defendants deny the allegations of paragraph 80 of the CAC.

81. Defendants deny the allegations of paragraph 81 of the CAC.

82. Defendants admit the allegations of paragraph 82 of the CAC.

83. Defendants admit the allegations of paragraph 83 of the CAC.

## **COLLECTIVE ACTION ALLEGATIONS**

84. Answering paragraph 84 of Plaintiffs' CAC, Plaintiff merely states legal conclusions which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 84 of the CAC.

85. Answering paragraph 85 of Plaintiffs' CAC, Plaintiffs merely states their desire and a legal conclusion which requires no response. To the extent a response is required, Defendants deny the allegations of paragraph 85 of the CAC.

86. Defendants lack sufficient information to admit or deny the allegations of paragraph 86 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 86 of the CAC.

87. Defendants lack sufficient information to admit or deny the allegations of paragraph 87 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 87 of the CAC.

88. Defendants lack sufficient information to admit or deny the allegations of paragraph 88 of the CAC. To the extent a response is required, Defendants deny the allegations of paragraph 88 of the CAC.

### CLASS ACTION ALLEGATIONS

89. Answering paragraph 89 of Plaintiff's CAC, Plaintiff merely states legal conclusion which require no response. To the extent a response is required, Defendants deny the allegations of paragraph 89 of the CAC.

90. Defendants deny the allegations of paragraphs 90 – 97 of the allegations of the CAC.

### COUNT I – UNPAID OVERTIME (FLSA)

98. Paragraph 98 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporate their responses to the preceding paragraphs.

99. Defendants deny the allegations in paragraphs 99 through 108 of the CAC.

### COUNT II – UNPAID OVERTIME MWHL

109. Paragraph 109 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporate their responses to the preceding paragraphs.

110. Defendants deny the allegations in paragraphs 110 through 115 of the CAC.

### COUNT III – UNPAID WAGES MWPCL

116. Paragraph 93 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporate their responses to the preceding paragraphs.

107. Defendants deny the allegations in paragraphs 117 through 128 of the CAC.

### COUNT IV– UNPAID OVERTIME (DC)

108. Paragraph 129 is an incorporation statement to which no response is required to the

extent a response is required, Defendants incorporate their responses to the preceding paragraphs.

109. Defendants deny the allegations in paragraphs 130 through 134 of the CAC.

## COUNT V – UNPAID OVERTIME (VA)

110. Paragraph 135 is an incorporation statement to which no response is required to the extent a response is required, Defendants incorporate their responses to the preceding paragraphs.

111. Defendants deny the allegations in paragraphs 136 through 141 of the CAC.

## PRAYER

112. The plaintiffs' Prayer requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden that they would not otherwise bear, Defendants further assert the separate and distinct affirmative defenses stated below to each and every cause of action alleged in the CAC, except where such affirmative defense states that it is specifically limited to one or more causes of action:

### FIRST AFFIRMATIVE DEFENSE
**Failure to State a Claim**

The CAC, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
**Unclean Hands**

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
**Estoppel**

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiff and/or the putative class members relinquished and waived any right to any of the claims upon which Plaintiffs now seek relief.

### FIFTH AFFIRMATIVE DEFENSE
### Acquiescence – Consent

Plaintiffs' claims are barred because Plaintiff and each member of the putative class acquiesced or consented to the conduct about which they now complain.

### SIXTH AFFIRMATIVE DEFENSE
### Misrepresentation

Plaintiffs' claims are barred, in whole or in part, because in doing the things alleged in the CAC, Defendants acted in reliance on misrepresentations by Plaintiff and the putative class members, including but not limited to misrepresentations regarding hours worked.

### SEVENTH AFFIRMATIVE DEFENSE
### Lack of Standing

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs lack standing to state the claims alleged in the Complaint and/or to assert the legal rights or interests of others.

### EIGHT AFFIRMATIVE DEFENSE
### Non-Certifiable Class

The Complaint and each purported cause of action alleged therein do not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class action.

### NINTH AFFIRMATIVE DEFENSE
### Inadequacy of Class Representative

The plaintiff is not the proper representative of the class they purport to represent, and, accordingly, this action is not properly brought as a class action.

### TENTH AFFIRMATIVE DEFENSE
### Putative Members Not Similarly Situated

The plaintiff cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

## ELEVENTH AFFIRMATIVE DEFENSE
### Failure to Pay Not Willful

Assuming arguendo that Defendants failed to pay Plaintiffs or putative class members all wages, Defendants cannot be held liable because the failure to pay was not willful.

## TWELVETH AFFIRMATIVE DEFENSE

Defendants assert that Defendant Integrated Design Build, Inc. f/k/a D&R Electric, Inc. is liable for any unpaid wages based on its actions and inactions.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Reasonableness and Good Faith

Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the affirmative defenses of improper defendants, failure to join an indispensable party, breach of contract, accord and satisfaction, estoppel, laches, statute of limitations, fraud, payment, release, waiver, violation of law and statute, and any other matter constituting an avoidance or affirmative defenses on legal or equitable grounds.

## RIGHT TO AMEND AFFIRMATIVE DEFENSES

Defendants respectfully reserve the right to amend their Answer to assert additional affirmative defenses in the future and to supplement those asserted herein upon further investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff be granted no relief in this action against Defendants.

2. That judgment be rendered in favor of Defendants and against Plaintiff on each and every cause of action alleged in the Complaint.

3. For such other and further relief as this Court deems just and proper.

## CROSS-CLAIMS DIRECTED TO DEFENDANT, INTEGRATED DESIGN-BUILD, INC F/K/A D&R ELECTRIC

1. Answering Defendants incorporate the allegations in Plaintiff's Complaint, without admission or adoption, as if set forth herein at length.

2. Answering Defendants incorporate their answer to the complaint as if duly set forth herein at length.

3. Integrated Design Build, Inc. entered a subcontractor agreement with Aaron Electric, Inc. on or about June 9, 2022, for electrical work at Yard 56 Mixed-Use.

4. Upon information, the subcontractor agreement required the submission of a bi-weekly payment application for the wages of the daily electrical workers on the site. The agreement also required the electrical workers to work overtime.

5. Upon information, Defendant Integrated Design Build, Inc. consistently underpaid Aaron Electric, Inc. for each payment application. Upon information, in May 2023, Defendant Integrated Design Build, Inc. withheld all payments to Defendant Aaron Electric, Inc., despite the fact that workers performed services for the week's payments were withheld.

6. If Plaintiff suffered unpaid wages and unpaid overtime wages as alleged, then the co-defendant, Integrated Design Build, Inc., is solely responsible to Plaintiff and/or the alleged class members.

7. If the answering Defendants should be held liable to Plaintiff as alleged, which the answering Defendants deny, then Co-Defendant Integrated Design Build, Inc., is liable to the answering Defendants for contribution and/or indemnification, whether by virtue of law, contract, or common law.

**WHEREFORE**, answering Defendants deny liability and avers that Cross-Defendant, Integrated Design Build, Inc. is liable to Plaintiff, and/or is liable to the answering defendants

for contribution and/or indemnification.

Respectfully Submitted,
**THE IWEANOGES' FIRM, P.C.**

By: _/s/CharlesCIweanoge/s/_
    Charles C. Iweanoge Fed Bar #14576
**IWEANOGE LAW CENTER**
1026 Monroe Street, NE
Washington, D.C. 20017
Phone: (202) 347-7026
Fax: (202) 347-7108
Email: cci@iweanogesfirm.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April 2024, a copy of Defendants' Answer to Amended Complaint and Crossclaim against Integrated Design Build, Inc. was electronically filed with the Clerk of Court using the CM/ECF System, and all attorneys of record would be served by ECF.

                                            _/s/CharlesCIweanoge/s/_
                                            Charles C. Iweanoge

,